298 So.2d 219 (1974)
Robert N. BUSSEY, Appellant,
v.
The LEGISLATIVE AUDITING COMMITTEE OF the LEGISLATURE of the State of Florida, Appellee.
No. U-491.
District Court of Appeal of Florida, First District.
August 6, 1974.
*220 David A. Maney, of Gordon & Maney, Tampa, for appellant.
Marvin L. Rudnick, Tallahassee, for appellee.
JOHNSON, Judge.
By this interlocutory appeal, appellant seeks reversal of the Circuit Court's Order denying his motion to dismiss the complaint and to quash the order to show cause. As grounds for this motion, appellant alleged that the Circuit Court lacked jurisdiction over his person due to insufficiency of process and insufficiency of service of process. The trial judge found that service by United States mail of a copy of the complaint upon the appellant's attorney was sufficient to give the Circuit Court jurisdiction over the person of appellant. We disagree and reverse.
The present situation arose on August 27, 1973, when appellant was handed a subpoena to appear and bring certain documents relative to an investigation being conducted by the appellee, the Legislative Auditing Committee of the Florida Legislature. At the time, appellant stated that he did not want the subpoena and directed that it be served upon his attorney. The subpoena was then accepted under protest by appellant's attorney. Appellant failed to appear before the Committee on September 18, 1973, as commanded by the subpoena.
Thereafter, the Committee filed a complaint against appellant in the Circuit Court of Leon County pursuant to F.S.A. § 11.143(4)(b). Said Section provides:
"Should any witness fail to respond to the lawful subpoena of any such committee at a time when the legislature is not in session or, having responded, fail to answer all lawful inquiries or to turn over evidence that has been subpoenaed, such committee may file a complaint before any circuit court of the state setting up such failure on the part of the witness. On the filing of such complaint, the court shall take jurisdiction of the witness and the subject matter of said complaint and shall direct the witness to respond to all lawful questions and to produce all documentary evidence in his possession which is lawfully demanded. The failure of any witness to comply with such order of the court shall constitute a direct and criminal contempt of court, and the court shall punish said witness accordingly."
Said complaint recited appellant's failure to appear before the Committee and asked the Court to direct appellant to appear before the Court and to show cause why the Court should not direct the witness to appear before the Committee and why, upon failure to appear pursuant to the Court's Order, he should not be adjudged in direct and criminal contempt of court. The Order to show cause was thereafter issued by the Circuit Court and the complaint and order were then mailed to appellant's attorneys.
Appellant responded by making a limited appearance for the purpose of testing the jurisdiction of the trial court via his motion to dismiss. As noted above, the trial court denied the motion, primarily on the basis that the proceedings in the Circuit Court were a continuation of the proceedings before the Committee so as to permit service upon appellant's attorney in lieu of personal service upon appellant.
*221 The object and purpose of service of process is to give to the party notice of the proceedings so that he may be afforded the opportunity to defend the suit brought against him. Where the defendant does not enter a voluntary general appearance or otherwise waive service of process, the issuance and service of process is indispensable to the jurisdiction of the Court, even though the Court may have jurisdiction of the subject matter. 25 Fla. Jur., "Process", §§ 3, 4.
We recognize the rule that papers may be served on a party's attorney where the cause is pending or not yet concluded. Ginsberg v. Ginsberg, 122 So.2d 30 (Fla. App.3rd, 1960); Reizen v. Florida National Bank at Gainesville, 237 So.2d 30 (Fla. App.1st, 1970); However, we do not feel that that rule is applicable to the facts herein. That rule has been enunciated in cases where the trial court had previously obtained jurisdiction over the party in the original proceeding and that proceeding had not yet finally terminated, nor had the party's counsel terminated his representation therein.
Prior to the filing of the appellee's complaint, there was no cause pending in the Circuit Court, so as to give that Court jurisdiction over the person of appellant. We repeat: even though the court may have jurisdiction of the subject matter (which it does here by virtue of F.S.A. § 11.143(4)(b)), the court has no jurisdiction to proceed to judgment against a defendant until proper notice is given to that defendant of the action or proceedings against him.
In support of its position that the Circuit Court proceedings were merely a continuation of the proceedings initiated by the Committee and that no further process or service thereof was necessary, appellee points to that portion of F.S.A. § 11.143(4)(b) which states:
"... On the filing of such complaint, the court shall take jurisdiction of the witness and the subject matter of said complaint... ." (Emphasis supplied).
If we were to give this language the interpretation urged by appellee, it would violate the Federal and Florida Constitutional guarantees of due process of law, which concept includes notice and opportunity to be heard and to defend before a competent tribunal vested with jurisdiction of the subject matter of the cause. It will not be presumed that the Legislature intended to enact a statute which does away with due process of law.
There can be no doubt that the cited language of the statute gives the Circuit Court jurisdiction of the subject matter. But it does not, and no statute can, give the Court jurisdiction over the person unless process is properly issued or waived. To say that process confers jurisdiction means that it empowers the court to exercise authority derived from law. 62 Am. Jur.2nd, "Process", § 2. In short, the sufficient service of process initiates a case in the trial court, and until the case has been properly initiated, no determination of the adverse claims of the parties may be made. As noted in 62 Am.Jur.2nd, "Process", § 3:
"A judgment against one who was not given notice in the manner required by law of the action or proceeding in which such judgment was rendered lacks all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered."
Accordingly, inasmuch as appellant was never properly served with the process of the Circuit Court, said court erred in denying appellant's motion to dismiss the complaint for lack of jurisdiction. The said Order is therefore reversed.
Reversed.
BOYER, Acting C.J., and McCORD, J., concur.