374 So.2d 81 (1979)
The MAC ORGANIZATION, INC., Appellant,
v.
HARRY RICH CORP., Appellee.
No. 78-2036.
District Court of Appeal of Florida, Third District.
July 31, 1979.
Smathers & Thompson and Mercer K. Clarke, Miami, for appellant.
Kavanaugh & Leiby and Larry R. Leiby, Maimi, for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from an order of the trial court denying its motion to set aside a default (money) judgment and denying its motion for relief from the judgment. We reverse.
Appellee, plaintiff below, filed a complaint against appellant and Major Associates (not a party to this appeal) seeking recovery, in the form of money damages, for the installation of certain acoustical ceilings in an apartment project owned by Major Associates. Appellant, the general contractor for the project, had entered into a subcontract with appellee for the installation of the ceilings. The summons issued in connection with the complaint to be served *82 against appellant stated that its registered agent was Joseph Conti, 22738 S.W. 66th Avenue, Boca Raton, Florida. The return of service, located at the bottom of the summons, showed that the summons and complaint were served on Conti on July 18, 1978. Thereafter, based upon appellant's failure to file a responsive pleading, appellee filed a motion for default against appellant. The default was entered on August 16, 1978. Thereafter, appellee filed attorneys' fees affidavits and a motion for final judgment. The trial court entered a final judgment on August 28, 1978, in the total amount of $8,545.96. Subsequently, appellant filed a motion to set aside the default for relief from the final judgment. The ground for this motion was that appellant, prior to the service of the complaint on Conti, had changed its registered agent on March 20, 1978, to John M. Turner, 321 N.W. 93rd Terrace, Pembroke Pines, Florida. The registered office was also changed to Turner's address. After a hearing on the motion, supported by an affidavit of appellant's president and a certificate of change of registered agent and office filed in the Florida Secretary of State's Office, the trial court denied appellant's motion. This motion was denied because the trial court found that: (1) appellant had not effectively complied with Section 607.037, Florida Statutes (1977), in removing Conti as its registered agent; (2) by a letter attached to appellant's affidavit, it admitted to having been served on July 18, 1978; and (3) no meritorious defense had been shown.
On appeal, appellant contends that the trial court erred in denying its motion to set aside the default and the final judgment because it lacked in personam jurisdiction over appellant.
At the outset, we note that proper service of process is indispensable to the jurisdiction of a court to adjudge the competing claims of parties to a litigation. See, e.g., Bussey v. Legislative Auditing Committee, 298 So.2d 219 (Fla. 1st DCA 1974); and Hayes v. Greenwold, 149 So.2d 586 (Fla. 3d DCA 1963). Further, to achieve proper service of process, there must be strict compliance with the applicable statute. See, e.g., Exchange National Bank of Chicago v. Rotocast Plastic Products, Inc., 341 So.2d 787 (Fla. 3d DCA 1977); and Ludlum Enterprises, Inc. v. Outdoor Media, Inc., 250 So.2d 649 (Fla. 4th DCA 1971). Our review of the record shows that the summons and complaint in this action were served on Joseph Conti on July 18, 1978. However, contrary to the finding of the trial court, in our opinion, at the time of this service Conti had been effectively replaced as appellant's registered agent by Turner. The record shows that appellant had submitted a document (form) to the Secretary of State changing its registered agent and office from Conti to Turner. This form was one furnished by the Secretary of State to appellant for that purpose and was titled
"CERTIFICATE CHANGING REGISTERED AGENT OR REGISTERED OFFICE FOR SERVICE OF PROCESS WITHIN THE STATE OF FLORIDA"
Thereafter, in accordance with the provisions of Section 607.037, Florida Statutes (1977), the Secretary of State filed the form. Implicit within this filing was a determination by the Secretary of State that the form met the requirements of Section 607.037. See § 607.037(2), Fla. Stat. (1977).
Appellee argues that appellant's change of its registered agent by the use of this form was ineffective because it failed to comply with the requirement of Section 607.037(1)(d) which requires that "[t]he name of its then registered agent" [i.e., Conti] to be included in the statement (form) of change of registered agent filed with the Secretary of State.
Based upon our review of the documents in the record and a review of Section 607.037, it is our opinion that appellant had effectively changed its registered agent and office for service of process from Joseph Conti to John M. Turner prior to the time Conti was served with the summons and complaint in this action; therefore, service of process on appellant's former registered agent did not meet the legal requirements for service of process on appellant. The purpose and intent of Section 607.037 is to satisfactorily indicate to the Secretary of State the desired change of a registered agent or office. Based upon the record in *83 this cause, this purpose was clearly met. Without proper service on appellant's registered agent, the trial court lacked in personam jurisdiction over appellant in this matter.
Because of this determination, appellee's contention that appellant, by this attempted change, had only designated a second registered agent, rather than changing its registered agent, is without merit.
Also, appellant's contention that, because appellee had in fact received the summons and complaint, appellee was, therefore, properly served is without merit. Although appellant may have actually received the papers, its registered agent was never properly served; without such service, the trial court never obtained in personam jurisdiction over appellant.
Further, because the trial court lacked in personam jurisdiction over appellant, it was unnecessary for appellant to have demonstrated a meritorious defense in order for the trial court to have granted its motions to set aside the default and the final judgment.
For the reasons set forth above, the order appealed is reversed and the cause is remanded to the trial court.
Reversed and remanded.