PER CURIAM.
Appellants seek review of a writ of habe-as corpus entered in the circuit court. The writ directed that the petitioning juvenile detainees at the North Florida Regional Detention Center be released or transferred, and the Center closed, if certain conditions at the Center were not alleviated. We find that the Department of Health and Rehabilitative Services was not properly made a party in the action and the court erred in denying the Department’s motion to dismiss.
*164 Section 48.111, Florida Statutes, establishes the method for service of process on public agencies, and requires service on the chief executive officer. This provision was not complied with in the present case, and service on the Department was thus ineffective. Without proper service, the court lacked jurisdiction to order the Department’s involuntary joinder as a party defendant. See Bussey v. Legislative Auditing Committee, 298 So.2d 219 (Fla. 1st DCA 1974), appeal dismissed 312 So.2d 737 (Fla. 1975); see also Klinger v. Milton Holding Co., 136 Fla. 50, 186 So. 526 (1938).
Accordingly, the order appealed is reversed insofar as it is directed to the Department as a party defendant. However, the order is otherwise affirmed insofar as it is directed to the remaining appellant, the superintendent of the Detention Center, because the record adequately supports the factual findings and permits a determination that the superintendent had physical custody and control of the appellee juveniles at the time in question.
ERVIN, SHAW and WENTWORTH, JJ., concur.