443 So.2d 211 (1983)
SAMS FOOD STORE, INC., Appellant,
v.
Daysee ALVAREZ, Appellee.
No. 83-1346.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Mottlau & Wakefield, Daniels & Hicks and Elizabeth K. Clarke, Miami, for appellant.
No appearance for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
This is an appeal from an order of the Circuit Court of Dade County, Florida denying appellant's motion to set aside a default entered against it in a negligence action. Appellant denied that it had ever *212 been served and the trial judge entered an order setting forth that the appellant had never been served, notwithstanding the sheriff's return showing service.
The sole point on appeal is whether the trial court may decline to vacate a default judgment against a defendant where it has found that the defendant never was served with process. We find error and reverse. Upon finding that the defendant had never been served with process, the trial court was required to conclude as a matter of law that the default was entered without jurisdiction over the defendant. As was stated in Bussey v. Legislative Auditing Committee, 298 So.2d 219, 221 (Fla. 1st DCA 1974):
"Where the defendant does not enter a voluntary general appearance or otherwise waive service of process, the issuance and service of process is indispensable to the jurisdiction of the Court, even though the Court may have jurisdiction of the subject matter. * * * In short, the sufficient service of process initiates a case in the trial court, and until the case has been properly initiated, no determination of the adverse claims of the parties may be made."
See also Mac Organization, Inc. v. Harry Rich Corp., 374 So.2d 81 (Fla. 3d DCA 1979).
Accordingly, the trial court's order refusing to set aside the default entered against appellant is reversed.
Reversed.