**In the Matter of the Seizure of ONE 1983 MERCEDES BENZ AUTOMOBILE VIN NO. WDBCB20A9DB041960 on April 26, 1987, on Newby Street, Prattville, Alabama.**

Misc. No. 1664.

United States District Court, M.D. Alabama, N.D.

Feb. 14, 1989.

Frederick P. Charleston, Baltimore, Md., Barry E. Teague, Montgomery, Ala., for plaintiff.

James E. Wilson, U.S. Atty., Algert S. Agricola, Jr., Asst. U.S. Atty., Montgomery, Ala., for defendant.

ORDER

MYRON H. THOMPSON, District Judge.

This cause is before the court on the motion to dismiss filed December 29, 1988, by the United States of America. A hearing was held on the motion on February 9,

1989. For the reasons that follow, the motion to dismiss is due to be granted.

## I.

Most essential facts in this case are undisputed. In 1987, the United States Drug Enforcement Administration (DEA) initiated administrative forfeiture proceedings against petitioner Shirley D. Caffey's car, pursuant to authority set out in 21 U.S.C.A. § 881; 19 U.S.C.A. §§ 1602 *et seq.;* 21 C.F.R. §§ 1361.71 *et seq.* As required by regulations, DEA promptly mailed notice to Caffey of the proceeding, and Caffey received the notice. DEA also published notice in a national newspaper for the statutorily required period of time.

The notice of seizure stated that, if Caffey chose to contest the forfeiture, she had to file a claim of ownership and a bond with the DEA within twenty days of the first day of publication in the newspaper. 21 C.F.R. § 1316.75(b)(3). The notice also informed Caffey of the procedure to waive the bond requirement and proceed in forma pauperis. Caffey filed neither a claim of ownership nor a bond with DEA. She did, however, file a petition for remission or mitigation of forfeiture through her attorney by the required deadline.[1]

DEA declared the car forfeited several months later, and subsequently denied Caffey's petition for remission or mitigation. Caffey requested reconsideration of this denial, and DEA again denied her petition. Caffey then filed a motion in this court under Fed.R.Crim.P. 41(e), seeking the return of her seized car.[2] The government bases its motion to dismiss on jurisdictional grounds.

1. As described by Caffey and the government at the hearing, by this petition, the petitioner admits the propriety of the seizure, but pleads alternative grounds for relief from the agency's action. *See Floyd v. United States,* 860 F.2d 999, 1004 (10th Cir.1988).

2. Fed.R.Crim.P. 41(e) provides:
   A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of

## II.

This case presents similar issues to those found in a recent case reported out of the Northern District of Georgia. *In re $89,-000, Plus or Minus, In United States Currency and Checks,* 691 F.Supp. 1411 (N.D. Ga.1988). For substantially the same reasons as those given by Judge Forrester in that case, this court declines to find jurisdiction over Caffey's action.

The court first recognizes substantial support for the government's assertion that the Federal Rules of Criminal Procedure, including Rule 41, do not apply in actions challenging the validity of civil forfeiture proceedings. *See In re Seizure Warrant,* 830 F.2d 372, 374 (D.C.Cir.1987) (per curiam) (*citing* Fed.R.Crim.P. 54(b)(5)), *vacated and remanded as moot sub nom. Onwuasoanya v. United States,* 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988); *In re $89,000,* 691 F.Supp. at 1413. *But see Floyd v. United States,* 860 F.2d 999, 1002–03, 1006–08 (10th Cir.1988) (finding Rule 41(e) jurisdiction on similar facts, but with equitable contours as noted below). The government has initiated no criminal proceedings against Caffey, nor does the court have any evidence to suggest that the government intends in the future to do so.

This minor controversy is significantly muted by the fact that a source of equitable jurisdiction over Caffey's claim clearly exists, whether it is characterized as grounded in Rule 41(e), or in the ironically named doctrine of "anomalous" jurisdiction. *In re $89,000,* 691 F.Supp. at 1413. *See Richey v. Smith,* 515 F.2d 1239, 1243–44 (5th Cir.1975); *Hunsucker v. Phinney,* 497 F.2d 29, 32–35 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43

the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

L.Ed.2d 397 (1975); *see also Robinson v. United States*, 734 F.2d 735, 738–39 (11th Cir.1984); *United States v. Chapman*, 559 F.2d 402, 405–07 (5th Cir.1977). This jurisdiction vests not by virtue of statutory grant, but rather by "the inherent authority of the court over those who are its officers," *Hunsucker*, 497 F.2d at 32, including in this instance DEA agents. *In re $89,000*, 691 F.Supp. at 1413 n. 7. This authority generates equitable jurisdiction over Caffey's action, but "such jurisdiction should be exercised with caution and restraint, and subject to equitable principles." *Hunsucker*, 497 F.2d at 34 (quotations and footnotes omitted).[3]

Under the facts of this case, Caffey presents no persuasive reason for the extraordinary exercise of this court's equitable jurisdiction. Caffey complains that the government has never shown any connection between her car and any underlying illegality relevant to the drug laws. She argues that this failure to present to any source of authority an explanation of the government's rationale for initial seizure somehow "taints" the subsequent forfeiture proceeding and justifies a reexamination of that proceeding now by this court. But Caffey had a clear opportunity to contest the administrative proceeding upon receiving notice from DEA. She admits receipt of notice, but chose instead to file a petition for remission or mitigation. In so doing, Caffey simply let the forfeiture mature, with full knowledge of its result. Caffey could have forced DEA into court to respond to her arguments at that time, but sat on her rights until now. 21 C.F.R. §§ 1316.76(b), 1316.78. Without any allegation that the government acted in bad faith, or contributed in some way to her failure to exercise her legal remedy, the court sees no reason to exercise equitable jurisdiction now.

The court finds the recent holding of the Eighth Circuit completely applicable to Caffey's action:

> Although [Caffey] had knowledge of the pending forfeiture proceeding, [she] allowed the matter to finalize without challenging the forfeiture or seeking a stay of the proceedings. [She] now claims that [she] may attack that civil forfeiture by utilizing rule 41(e). We disagree. [Caffey] cannot pursue an equitable remedy in the district court when [she] did not challenge in any way the very proceeding that forfeited [her] property in the first place. To do so would be the equivalent of impermissibly using the Federal Rules of Criminal Procedure to attack a civil forfeiture.
>
> Although equity is tolerant of errors of procedure and form, in this instance [Caffey] has clearly ignored out admonition that the legality of a seizure should be tested in the forfeiting proceeding. Thus, we conclude the district court did not abuse its discretion when it refused to invoke its equitable powers in the circumstances of this case.

*In re Harper*, 835 F.2d 1273, 1274–75 (8th Cir.1988) (citations omitted). *Cf. Floyd*, 860 F.2d at 1004 (implying that where government has followed correct procedures, administrative forfeiture provides adequate remedy at law).[4] For those rea-

---

**3.** The former Fifth Circuit suggested a series of factors relevant to the exercise of a district court's anomalous jurisdiction: whether the government agents exhibited a "callous disregard" of the complainant's constitutional rights; whether the complainant has an individual interest in and need for the material she seeks; whether the complainant would be irreparably injured by denial of the return of the property; and whether the complainant has an adequate remedy at law for redress of the grievance. *See In re $89,000*, 691 F.Supp. at 1414 (*citing Richey*, 515 F.2d at 1243–44; *Chapman*, 559 F.2d at 406). In this case, Caffey has not pleaded any facts suggesting that the DEA agents involved exhibited "callous disregard" of her rights, other than the conclusory claim that the government has never articulated any connection between her car and an underlying drug offense. The court discusses whether Caffey had an adequate remedy at law in text, *infra;* for comments on whether she has shown irreparable injury, see n. 4 *infra*.

**4.** *Floyd* also clarifies the meaning of the requirement that a petitioner demonstrate irreparable harm to justify exercise of equitable jurisdiction in a collateral attack on civil forfeiture. The apposite measure of harm does not derive from the allegedly wrongful seizure. This harm is addressed not by the equitable jurisdiction noted above, but by an action under 42 U.S.C.A.

sons, the court declines to exercise equitable jurisdiction over Caffey's suit.

Accordingly, it is ORDERED that the motion to dismiss filed December 29, 1988 by the United States of America, be and it is hereby granted, and petitioner Shirley D. Caffey's action is dismissed without prejudice.

§ 1983 (seizures by state personnel) or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (seizures by federal personnel). "Instead, irreparable harm refers to cir-

cumstances in which a Rule 41(e) movant cannot wait for a legal remedy, thus justifying the court's equitable jurisdiction." *Floyd,* 860 F.2d at 1006. Viewed correctly, Caffey has not made any showing of irreparable harm in this action.