545 So.2d 458 (1989)
TAMPA ASSOCIATES, LTD., a Florida Limited Partnership, Appellant,
v.
MIAMI ELEVATOR COMPANY, A Delaware Corporation, Appellee.
No. 88-2051.
District Court of Appeal of Florida, Third District.
June 20, 1989.
*459 Dempsey & Goldsmith and H. Lawrence Hardy, for appellant.
Sheldon R. Rosenthal, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
The default judgment under review is reversed because, as is admitted, service of process was improperly effected upon a person who was not designated as a representative of the appellant partnership as required by section 48.061(3), Florida Statutes (1987). In defense of its judgment, the appellee contends only that the improper service defense was waived because, it argues, the assertion was not made as required in the initial pleading filed by the defendant when it attempted to set the default judgment aside. See Fla.R. Civ.P. 1.140(b); Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982), pet. for review denied, 430 So.2d 450 (Fla. 1983); Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981). See generally 2A W. Moore & J. Lucas, Moore's Federal Practice § 12.23 (2d ed. 1987). We disagree. The record shows that while the initial motions were filed without express mention of the issue, the defendant expressly reserved the right to raise additional grounds in a later pleading. In fact, a supplement to the initial motion, which was filed within a period agreed to by the plaintiff, indeed raised the contention that service had been improperly accomplished. When the trial judge initially passed upon the defendant's motion to set aside the default, this ground was among those presented to and rejected by the court. Since this was the case, and since supplemental or amended pleadings are deemed to revert back to the first one, we hold that the contention was appropriately raised at the "first opportunity" rather than in a forbidden subsequent or repetitive motion or pleading. Hence, it was properly preserved below. Fla.R.Civ.P. 1.140(b) ("No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion."); Vann v. First Nat'l Bank, 324 So.2d 94 (Fla. 3d DCA 1975); see Beal v. Third Nat'l Bank, 350 So.2d 840 (Fla. 1st DCA 1977); Fla.R. Civ.P. 1.190(a), (c) (amendment as of right before responsive pleading relates back to original); see also Jonnet v. Dollar Savs. Bank, 530 F.2d 1123, 1125 n. 5 (3d Cir.1976).
Since an impropriety of service ipso facto defeats a default, Sams Food Stores, Inc. v. Alvarez, 443 So.2d 211 (Fla. 3d DCA 1983); Mac Organization v. Harry Rich Corp., 374 So.2d 81 (Fla. 3d DCA 1979), the judgment below is reversed for further consistent proceedings.