**MORANDI S.A., a duly registered Panamanian corporation, Plaintiff,**

v.

**UNITED STATES of America, through its various agencies, the Department of Justice, U.S. Attorney, IRS, Customs, and any other agencies involved in the joint task force known as Operation Greenback, Defendants.**

No. 88–2394–CIV–WMH.

United States District Court, S.D. Florida.

Aug. 17, 1990.

George Mencio, Jr., Barbara Locke, Holland & Knight, Miami, Fla., for plaintiff.

Robert Lipman for Dexter W. Lehtinen, U.S. Atty., for defendants.

## ORDER

### FINAL JUDGMENT FOR PLAINTIFF

HOEVELER, District Judge.

This Cause is before the Court on Plaintiff's motion for summary judgment in which Plaintiff seeks the return of $526,281.00 which it claims was seized from its account in violation of the Due Process Clause of the United States Constitution.

## I. BACKGROUND

On April 6, 1987, a warrant was issued by the Honorable Samuel J. Smargon authorizing the seizure of $526,281.00 of coin and currency from the account of Morandi S.A. at Southeast Bank. The warrant was issued on the basis of an affidavit from Stephen S. Pina, Special Agent, IRS–CID, in which the Morandi account was included in a long list of other accounts believed to be connected with money-laundering activities.

As a result of the seizure, counsel for Morandi promptly contacted in writing and by telephone the U.S. Attorney's Office, the IRS, and U.S. Customs, requesting notification of any forfeiture proceedings relating to the seized funds. On June 22, 1987, an Assistant United States Attorney responded in writing that his office was unaware of any civil forfeiture of the Morandi funds. On June 27, 1988, a letter was received from the U.S. Customs Service disclaiming any knowledge of any forfeiture of the Morandi funds. Additionally, Plaintiffs conducted an exhaustive search of new actions filed in Florida attempting to locate a forfeiture action in connection with the seized funds. On December 22, 1988, Plaintiffs filed the above-styled action for return of the money.

Then, on January 26, 1989, the U.S. Attorney's Office filed in the above-styled case, a "Notice of Other Similar Action", wherein it advised this Court, and Plaintiffs, that the Morandi funds had been forfeited on August 25, 1988, in an action before the Honorable Eugene P. Spellman (*United States of America v. $1,154,618.86*, Case No. 87–2037–Civ–Spellman). Thus, Despite its diligent efforts to apprise the government of its interest in the money, Plaintiff did not receive notice that its funds were the subject of a forfeiture action until after the funds were already forfeited.

Realizing that $526,281 of the money forfeited in the case before Judge Spellman

was seized from Plaintiff's bank account and forfeited without notice to Plaintiff, the government moved to set aside this portion of the final summary judgment. On September 12, 1989, Judge Spellman Ordered that judgement pertaining to the $526,281 seized from Plaintiff's account be set aside. There is no material dispute of fact in this case which would preclude the granting of summary judgment. The only issue presented is whether or Plaintiff's funds have been seized and held in violation of due process.

## II. DISCUSSION

Three years ago, over half a million dollars was seized from Plaintiff's account. Quite simply, Plaintiff complains that enough is enough; that now is too late to begin litigating the action as if it were a recently filed forfeiture proceeding. In response, the government raises two points.

■ First, the government claims that Morandi has not established standing to pursue this action. However, the facts show otherwise. The money was seized from Morandi's bank account. Morandi has alleged in its complaint that the money is its own. Furthermore, Morandi has offered the affidavit of Beatriz Linares, an officer of Morandi, who states that the money belongs to Morandi and that Morandi has been attempting to claim and recover the money since the seizure in April 1987. The Court finds that this is sufficient to establish Morandi's standing to claim the funds.

■ Second, the government contends that there has not been sufficient delay to warrant a finding of deprivation of due process in this case. The Supreme Court has directed that four factors be considered in determining whether there has been a due process violation in a forfeiture action: (1) the length of the delay; (2) the reason for the delay; (3) the claimant's assertion of his right; and (4) prejudice to the claimant. *United States v. $8,850 in United States Currency*, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). The length of

delay between the time of seizure (April 1987) and the actual notice received by Morandi of the forfeiture proceeding before Judge Spellman (January 1989) is approximately twenty-one months. The reason for the delay was that the government inadvertently failed to provide notice to Morandi's counsel of the forfeiture before Judge Spellman, despite repeated attempts by counsel for Morandi to request information regarding the seizure of the assets, including oral and written inquiries to the same Assistant United States Attorney who was prosecuting the forfeiture action before Judge Spellman. Turning to the third factor, the record shows that counsel for Morandi diligently strove to assert Morandi's right to the funds. Finally, concerning the fourth factor, there is no indication from the record that the 21 month delay has prejudiced Plaintiff's ability to pursue its legal entitlement to the seized funds.[1]

■ It is possible that this twenty-one month delay in serving proper notice, coupled with Plaintiff's diligent attempts to inform the government of its claim to the funds would be sufficient cause for this Court to find that Plaintiff has been denied due process of law, and is therefore entitled to the return of the seized funds. The Court, however, finds that there is an additional factor present to the inquiry which tips the balance in favor of Plaintiff: the absence of any presently pending forfeiture action against the funds. The forfeiture action which was in front of Judge Spellman is closed; the instant case is a replevin action filed by Plaintiff against the government in which the government has *not* filed a counterclaim for forfeiture. There is therefore no forfeiture proceeding now pending against the currency which Plaintiff Morandi seeks to recover. In sum, more than three years after the seizure, the government presumably proposes to litigate the forfeitability of the funds in some action or counterclaim which is yet to be filed. The government's claim that the delay was due to inadvertence is understandable, but is nonetheless insufficient

1. Such prejudice does not refer to the burden of being deprived of the funds, but rather whether "the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." *United States v. $8,850 in United States Currency*, 461 U.S. at 569, 103 S.Ct. at 2014.

cause to subject Plaintiff to the burden of litigating the issue now, more than three years after the process should have been initiated. It is without dispute that in some cases "[a]n unreasonably long retention without instituting a forfeiture proceeding can constitute a denial of due process."[2] This is one such case.

Accordingly, Plaintiff's motion for summary judgment is GRANTED. Judgment is hereby rendered in favor of the Plaintiff and against Defendant. The government shall return the funds to Plaintiff within 20 days of the date of this Order in the event that no post-judgment motions are filed.

DONE AND ORDERED.

---

**2.** *See e.g., Robinson v. United States,* 734 F.2d 735 (11th Cir.1984) ((upholding trial court's de- termination that a ten month delay in initiating forfeiture proceedings violates due process).