DELL, Judge.
Jeanne Montero appeals from an order denying her motion to quash service of process and to vacate a final default judgment of foreclosure. The trial court found that appellee failed to effect valid and sufficient service of process upon appellant but also found that appellant had sub *939 mitted herself to the jurisdiction of the court. Appellant contends that she did not waive her right to contest service of process by joining her motion to quash service of process with a motion to vacate the default judgment. We agree and reverse.
Upon learning that a final judgment of foreclosure had been entered against her as to property which she owned with her estranged husband, appellant filed a single pleading containing a motion to quash service of process and a motion to vacate final judgment. She stated:
1. The Plaintiff filed a foreclosure suit in this action naming JEANNE MONTERO as the property owner, the tenant and a purported second mortgage holder as Defendants.
2. Service was purportedly made on August 24, 1989 upon JEANNE MONTERO by substituted service by serving JULIO MONTERO at 4331 N.W. 10th Court, Ft. Lauderdale, Florida. No personal service was effected upon JEANNE MONTERO.
3. The Court did enter a default on or about September 18, 1989 based upon the return of service showing a substituted service. ... at the time of service on August 24, 1989 the Defendant JEANNE MONTERO was not residing with JULIO MONTERO at 4331 N.W. 10th Court Ft. Lauderdale, Florida; she was estranged from her husband and had in fact previously filed a divorce proceeding; she never resided at 4331 N.W. 10th Court; she did not receive any notice of the alleged default or of the service of process; nor did she receive notice of the Final Judgment being entered.
4.
5. This Court should vacate the Final Judgment on the basis that due process has not be effected. Florida Statute 48.-031(2)(a) provides that substituted service may be made on a spouse only if the spouse and the person to be served are residing together in the same dwelling. Since the Defendant JEANNE MONTE-RO was not at the time of service residing with JULIO MONTERO then substituted service which must be strictly construed by statute was not accomplished and therefore this court never acquired personal jurisdiction over the Defendant JEANNE MONTERO.
Based on the facts alleged and the evidence presented, we find no error in the trial court’s finding that the service of process effected by appellee upon appellant was not sufficient nor valid. See Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987). The trial court did err, however, when it found that appellant had submitted herself to the jurisdiction of the court because she joined her motion to quash service of process with her motion to set aside the default judgment.
Rule 1.140(b), Florida Rules of Civil Procedure, provides in pertinent part:
Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, ... A motion making any of these defenses shall be made before pleading if a further pleading is permitted.... Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion, (emphasis supplied).
The record establishes that appellant filed her motion to quash service of process as part of her initial pleading in compliance with Rule 1.140(b). See Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987); Tampa Associates, Ltd. v. Miami Elevator Co., 545 So.2d 458 (Fla. 3d DCA 1989); Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966). Appellee failed to effect valid service of process on appellant and therefore the judgment of foreclosure is void *940 and must be set aside and stricken from the record. See Kennedy.
We need not address appellant’s argument on her motion to vacate the default judgment.
Accordingly, we reverse the trial court’s order denying appellant’s motion to quash service of process and we remand this cause with directions for the trial court to enter an order vacating the final judgment of foreclosure, the certificate of sale and certificate of title and to enter such further orders and to conduct such further proceedings as may be consistent with this opinion.
REVERSED and REMANDED.
LETTS and STONE, JJ., concur.