592 So.2d 1215 (1992)
M.T.B. BANKING CORPORATION, Appellant,
v.
Ana Maria BERGAMO DA SILVA, a/K/a Ana Maria Do Rego, Appellee.
No. 91-2120.
District Court of Appeal of Florida, Third District.
January 28, 1992.
Goldstein & Tanen and Susan E. Trench, Miami, for appellant.
Otero & Morris, Coral Gables, and Fulvia A. Morris, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
M.T.B. Banking Corporation appeals an order determining that M.T.B. waived the affirmative defense of lack of personal jurisdiction.[1] M.T.B. raised that defense as well as other defenses in its answer and in its motion for judgment on the pleadings. However, the court concluded that by filing those pleadings M.T.B. waived the jurisdictional defense. The ruling is erroneous. M.T.B. properly raised the defense of lack of personal jurisdiction at the "first opportunity"[2] as required by Florida Rule of Civil Procedure 1.140(b). Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987); Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1987); see Logan v. Mora, 555 So.2d 1267 (Fla. 3d DCA 1989). Furthermore, M.T.B.'s assertion of other defenses or objections in its answer and motion did not waive the personal jurisdiction defense. Montero v. Duval Fed. Sav. & Loan Ass'n of Jacksonville, 581 So.2d 938 (Fla. 4th DCA 1991); Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990); Tampa Assoc., Ltd. v. Miami Elevator Co., 545 So.2d 458 (Fla. 3d DCA 1989); Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966); Fla.R.Civ.P. 1.140(b) ("No defense or objection is waived *1216 by being joined with other defenses or objections in a responsive pleading or motion."). The order is therefore reversed and the cause is remanded for further proceedings.
NOTES
[1] We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(i).
[2] Tampa Assoc., Ltd. v. Miami Elevator Co., 545 So.2d 458, 459 (Fla. 3d DCA 1989).