**LEXINGTON LASERCOMB I.P.A.G.,** a Switzerland company, and Lexington International, LLC, a Florida limited liability company, Plaintiffs,

v.

**Dr. Martin G. UNGER,** individually, and Sunetics International Corporation, a Nevada corporation, Defendants.

Civ. No. 06–80079.

United States District Court, S.D. Florida.

March 22, 2006.

Richard N. Horn, Esquire, Akerman Senterfitt, Miami, FL, for Plaintiff.

Eric N. Assouline, Esquire, Assouline & Berlowe, P.A., Dania Beach, FL, for Sunetics.

## OMNIBUS ORDER

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Plaintiffs' Motion for Entry of Final Default Judgment Against Defendant Sunetics Inter-

---

national Corporation, filed herein on March 1, 2006 [DE–8] and Defendant's March 8, 2006 Motion to Set Aside Default and to Dismiss [DE–11]. The Court entered an Order to Show Cause on March 2, 2006. [DE–9]. The Court has carefully considered the Motion and being otherwise fully advised in the premises, finds as follows:

1. On January 24, 2006, Plaintiffs filed a complaint for Patent Infringement [DE–1]. On February 21, 2006, Plaintiffs filed a Notice of Filing Affidavit of Service. [DE–5]. The affidavit indicated that Defendant Sunetics International Corporation was served in Las Vegas, Nevada on February 2, 2006, by leaving the complaint with Patricia Blackman, the managing agent.

2. When Defendant did not file an answer, Plaintiff moved for default on February 23, 2006. [DE–6]. The clerk entered Default on that date. [DE–7].

3. On March 1, 2006, Plaintiff moved for a default judgment. [DE–8]. This Court issued an Order to Show Cause on March 2, 2006. [DE–9]. On the same date, Eric Assouline filed a Notice of Appearance for Defendant. [DE–10]. On March 8, 2006, Defendant filed a Motion to Set Aside Default [DE–11–1] and Motion to Dismiss for Improper Service. [DE–11–2]. Defendant also responded to the Order to Show Cause. [DE–11–3]. Defendant's General Manager, Elizabeth Barnes, swears that Patricia Blackman has never been an employee of the Defendant. La Shonda Square also indicated in an affidavit that Ms. Blackman was a receptionist for another company, Samson Equities.

4. The Court is not persuaded by the process server's conclusory affidavit that states that Ms. Blackman was a managing agent. Ms. Blackman's employment termination satisfactorily explains the absence of an affidavit from her.

5. The United States Court of Appeals for the Eleventh Circuit has described the relevant law regarding motions to set aside default:

Rule 55(c), Federal Rules of Civil Procedure, provides in relevant part that "[f]or good cause shown the court may set aside an entry of default." " 'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir. 1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. [*Commercial Bank of Kuwait v.*] *Rafidain Bank,* 15 F.3d [238] at 242 [(2d Cir.1994)]; *see also Robinson v. United States,* 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194–95 (6th Cir.1986).

*Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951–52 (11th Cir.1996). Here, the Court determines that good cause exists to set aside the default. The Court construes Defendant's Motion to Dismiss as a Motion to Quash Service. Dismissal is not appropriate. Quashing the service is appropriate.

Wherefore, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Final Default Judgment [DE–8] is hereby **DENIED.**

2. Defendant's Motion to Set Aside Default [DE–11–1] is hereby **GRANTED.**

3. Defendant's Motion to Dismiss [DE–11–2] is hereby **DENIED,** but service of process is **quashed.**