BANK OF NEW YORK, Plaintiff,

v.

Richard A. BRUNSMAN, et al., Defendants,

v.

Countrywide Financial Corp., et al., Third–Party Defendants.

Case No. 6:09–cv–1296–Orl–35DAB.

United States District Court, M.D. Florida, Orlando Division.

Feb. 11, 2010.

William P. Heller, William Patrick Gray, III, Michael D. Starks, Akerman Senterfitt, Orlando, FL, Akerman Senterfitt, Ft. Lauderdale, FL, for Plaintiff, Third–Party Defendants.

Richard A. Brunsman, Winter Garden, FL, pro se.

John C. Palmerini, Richard Erik Larsen, Larsen & Associates, PA, Orlando, FL, for Defendants.

### *ORDER*

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of Third–Party Defendants' and Counter–Defendant's Motion to Vacate Clerk's Entry of Default (Doc. No. 36) and Defendant Richard A. Brunsman's Motion to Strike Exhibit C to the Motion to Vacate Clerk's Entry of Default. (Doc. No. 50.) Upon consideration, the Court finds that the Motion to Vacate (Doc. No. 36) should be **GRANTED** as to each movant and that the Motion to Strike (Doc. No. 50) should be **DENIED**.

This case commenced in state court on August 5, 2008, when Plaintiff, Bank of New York Trustee ("BoNY Trustee"),[1]

---

1. Bank of New York filed the Complaint as Trustee for the Benefit of Certificate Holders C–WALT, Inc., Alternative Loan Trust 2007– 17CB Mortgage Passthrough Certificates, Series 2007–17CB. (Doc. No. 4.)

filed a foreclosure complaint against Defendants, Richard A. Brunsman ("Brunsman"), Independence Community Association, Inc., and other unknown parties. (Doc. No. 4.) On June 12, 2009, Brunsman answered the Complaint and asserted a counterclaim against BoNY Trustee and a third party complaint against CWALT, Inc. ("CWALT"), Bank of New York ("BoNY"), Countrywide Financial Corporation ("CFC"), Countrywide Home Loans, Inc. ("CHL"), and Countrywide Home Loans Servicing, LP ("CHLS"). (Doc. No. 16.) On July 15, 2009, a clerk's entry of default was entered against Counter–Defendant BoNY Trustee and Third–Party Defendants CWALT, BoNY, CFC, CHL, and CHLS for their failure to answer or to otherwise respond to Brunsman's June 12, 2009, filing. (Doc. No. 18.) The case was removed to this Court on July 27, 2009. (Doc. No. 1.) Thereafter, the Third–Party Defendants and Counter–Defendant collectively moved the Court to vacate the Clerk's Entries of Default against each of them. (Doc. No. 36.)

Rule 55(c) of the Federal Rules of Civil Procedure provides that the "Court may set aside an entry of default for good cause...." According to the Eleventh Circuit,

> " 'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one-but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989). We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious

defense. [*Commercial Bank of Kuwait v.*] *Rafidain Bank*, 15 F.3d [238] at 243 [ (2d Cir.1994) ]; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir.1984). We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194–95 (6th Cir. 1986).

*Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951–52 (11th Cir.1996). The Court finds that the defaults entered against CWALT, BoNY, and BoNY Trustee should be vacated because they are void as a matter of law, and those entered against CFC, CHL, and CHLS should be vacated pursuant to Rule 55(c) for good cause shown.

■ CWALT contends that the default against it should be vacated because it has never been served with process. (Doc. No. 36 at 2.) According to Brunsman's Motion for Remand, Brunsman "never did, did not—and *does not intend* to serve CWALT as a third party."[2] (Doc. No. 42 at 2.)

---

**2.** The Court denied Brunsman's Motion to Remand, holding in part that CWALT is a     separate party from BoNY. (Doc. No. 65.)

Brunsman does not change his position in this regard in his Response to the Motion to Vacate. Thus, because CWALT has never been served with process in compliance with Rule 4 of the Federal Rules of Civil Procedure, the Court finds that the default entered against CWALT should be vacated. *See Sams Food Store, Inc. v. Alvarez,* 443 So.2d 211, 212 (Fla. 3d DCA 1983) ("Upon finding that the defendant had never been served with process, the trial court was required to conclude as a matter of law that the default was entered without jurisdiction over the defendant."); *United States v. Varmado,* 342 Fed.Appx. 437, 438 (11th Cir.2009) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.").

■ Considering Counter–Defendant BoNY Trustee and Third–Party Defendant BoNY, the Court finds that the defaults entered against them should also be vacated. The Court is unable to determine from either the Motion to Vacate or Brunsman's Response thereto whether BoNY Trustee and BoNY are separate and distinct parties which each require separate service of process. The Court finds that, regardless of whether they are one party or separate parties, the default entered against them should be vacated, and thus the Court need not determine whether they are separate and distinct parties at this juncture. Assuming BoNY Trustee and BoNY are one party, the fact that BoNY Trustee served[3] Brunsman with its Motion to Dismiss one day prior to the Clerk's Entry of Default renders void the default as to BoNY Trustee and BoNY. *See Green Solutions Inter., Inc. v. Gilligan,* 807 So.2d 693, 696 (Fla. 5th DCA 2002) ("Once 'any paper' has been served, Rule 1.500(b) requires that ... the court, not the clerk, enter any default.... [D]efault entered by the clerk was void."). If the Court assumes that BoNY is a separate party from BoNY Trustee, the default entered against it should still be vacated because there is no evidence from which the Court can conclude that Brunsman has effected service of process on BoNY.

■ With regard to Third–Party Defendants CFC, CHL, and CHLS, the Court finds that the defaults entered against them should be vacated for good cause shown. First, having reviewed the affidavit of Kathlein Reis (Doc. No. 36, Ex. A), proffered in support of the Motion to Vacate, the Court finds that, while CFC, CHL, and CHLS were negligent in failing timely to answer, it does not appear that their conduct was willful. *See Sobkowski v. Wyeth, Inc.,* no. 5:04 CV 96–OC–10GRJ, 2004 WL 3569703, at *2 (M.D.Fla. June 4, 2004), report and recommendation adopted by 2004 WL 3569702 (M.D.Fla. July 12, 2004); *Varmado,* 342 Fed.Appx. at 441 (Judgment by default "is only appropriate where there has been a clear record of delay or contumacious conduct."). Further, CFC, CHL, and CHLS moved promptly to correct the default, filing the instant Motion only two weeks after the default was entered against them. Second, upon review of the Motion to Dismiss (Doc. No. 36, Ex. C), the Court finds that CFC, CHL, and CHLS have alleged colorable defenses, which exceed a mere general denial of the allegations against them. *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 n. 4 (5th Cir.1979) (" 'a hint of a suggestion (of a) meritorious defense' is sufficient."). Third, aside from his brief, unsupported reference to "discovery difficulties" he would allegedly suffer, Mr. Brunsman makes no substantiated argument regarding any material prejudice he would suffer if the vacaturs are entered. Fourth, allowing the case to proceed to resolution on the merits is preferred over

---

3. See Certificate of Service (Doc. No. 21).

resolution by default. Therefore, the Court finds that the defaults entered against CFC, CHL, and CHLS should be vacated for good cause shown.

 Brunsman's Motion to Strike seeks to have the Court to strike Exhibit C to the Third–Party Defendants' and Counter–Defendant's Motion to Vacate Clerk's Entry of Default, which is Third–Party Defendants' and Counter–Defendant's Joint Amended Motion to Dismiss Counterclaim and Motion to Dismiss Third-party Complaint. Brunsman contends that the filing of the Amended Motion to Dismiss is untimely and improper because the Third–Parties and Counter–Defendant did not seek leave of Court prior to filing it. Exhibit C, however, is a valid exhibit to their Motion to Vacate Clerk's Entry of Default; it is relevant to whether the movants are able to demonstrate that they have a meritorious defense to Brunsman's Counterclaim and Third–Party Complaint. Exhibit C has not been filed with the Court for the purpose of seeking the relief addressed therein.

Accordingly, it is hereby **ORDERED** that Third–Party Defendants' and Counter–Defendant's Motion to Vacate Clerk's Entry of Default (Doc. No. 36) is **GRANTED,** and Brunsman's Motion to Strike Exhibit C to the Motion to Vacate Clerk's Entry of Default. (Doc. No. 50) is **DENIED.** The Clerk's Entries of Default entered against Counter–Defendant BoNY Trustee and Third–Party Defendants CWALT, BoNY, CFC, CHL, and CHLS (Doc. Nos. 18, 20) shall be **VACATED.** Because the state court improvidently entered the defaults against CWALT and BoNY, thus halting Brunsman's obligation to serve them, Brunsman shall have ninety (90) days from the date of entry of this Order within which to ensure that he has properly effected service of process on any

Third–Party Defendant who has not been properly served in this case.