DAUKSCH, Judge.
Petitioner Chrysler Corporation by common law certiorari seeks review of an Order of the trial court entered after Petitioner was dropped as a Defendant by the Respondents who were Plaintiffs at trial. Briefly, Plaintiffs came to trial without complying with a pre-trial Order. When it became apparent to them they might not be able to present certain witnesses and documentary evidence, they announced' on the record a “voluntary dismissal” of Chrysler Corporation as a Defendant. We presume it was Plaintiffs’ intention to “drop” Chrysler Corporation as a party Defendant under Fla.R.Civ.P. 1.250(b). There was further maneuvering in the court room and the trial court said, in effect, it would not honor the voluntary dismissal; it would sua sponte grant a continuance of the whole matter and the parties departed.
Thereafter the Petitioner moved to tax costs against the Plaintiffs. The Plaintiffs gave Notice of Taking of Deposition to the Petitioner, who moved to quash the Notice of Taking of Deposition. The court denied that Motion and the Motion to Tax Costs.
It is Fla.R.Civ.P. 1.250(b) which provides for dropping parties. Rule 1.250(b) states that parties may be dropped in the manner prescribed by Fla.R.Civ.P. 1.420(a)(1). Under the procedure of the latter rule, the court has no discretion to deny the dropping of a defendant by a plaintiff if it is made by notice in writing or stated on the record. At that point the case is ended as to the dropped party. If he is entitled to an order taxing costs against the party who dropped him, the time has ripened for him to file a motion therefor. The Notice of Taking of Deposition should have been quashed and the court should have granted any properly presented Motion to Tax Costs. We do not have a transcript of the hearing, if one is in existence, in regard to the Motion to Tax Costs and we are not called upon to review the sufficiency of the hearing.
Certiorari is granted and the Order of the court orally entered which purported to reinstate Plaintiffs’ cause of action is quashed as is the Order denying Petitioner’s Motion to Quash the Notice of Taking of Deposition. This cause is remanded to the trial court with directions to quash the Notice of Taking of Deposition and to grant a hearing on Petitioner’s Motion to tax the costs below.
REVERSED and REMANDED WITH DIRECTIONS.
*815 ALDERMAN, J., concurs.
MAGER, C. J., concurs in conclusion only.