352 So.2d 81 (1977)
BANKERS MULTIPLE LINE INSURANCE COMPANY, Appellant,
v.
James C. BLANTON, as Administrator D.B.N. of the Estate of Donal Eugene Smith, Deceased, Meredith & Morse, Inc., a Florida Corporation, and Boyd McClure, Appellees.
GARDEN CONSTRUCTION COMPANY and Bankers Multiple Line Insurance Company, Appellants,
v.
MEREDITH & MORSE, INC., and Boyd McClure, Appellees.
Nos. 76-2510 and 76-2533.
District Court of Appeal of Florida, Fourth District.
June 17, 1977.
*82 Joseph P. Metzger and John J. Hoy, Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellants.
Gary L. Vonhof, Johnson, Ackerman & Bakst, West Palm Beach, for appellees.
PER CURIAM.
These are consolidated appeals by a defendant and a third party defendant involving motions for attorney's fees and costs.
The first question is whether the trial court was correct in ordering that the attorney's fees of defendants Meredith and Morse, Inc., and Boyd McClure, be paid by codefendant Bankers Multiple Line Insurance Company. The jury verdict was for the plaintiff, who had been injured, and whose husband had been killed, when a section of pipe rolled from a truck owned by Meredith and Morse and driven by McClure, their employee. Defendant Bankers was alleged to be the automobile liability insurer of Meredith and Morse, an allegation which Bankers denied. Meredith and Morse crossclaimed against Bakers for indemnity, and their crossclaim was dismissed, so that at the conclusion of the action there was no judgment against Bankers in favor of Meredith and Morse.[1]
There is, of course, no common law right to payment of one's attorney's fees by another party, so that attorney's fees generally cannot be awarded by a court unless provided for by contract or statute. Rivera v. Deauville Hotel, Employers Service Corp., 277 So.2d 265 (Fla. 1973). There was no contract in the present case, and the only allegedly applicable statute is Section 627.428(1), Florida Statutes (1975), which provides that:

Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had. (Emphasis supplied.)
There was no judgment or decree against Bankers in favor of Meredith and Morse, and so the trial court had no legal basis for its award of attorney's fees. We must reverse on this point.
The second consolidated appeal is by a third party defendant, Garden Construction Company, brought into the lawsuit by a third party complaint of Meredith and Morse and Boyd McClure. The third party complaint was voluntarily dismissed before the end of the trial. Garden moved for attorney's fees and costs. Fla.R.Civ.P. 1.420(d) is controlling:

Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action.
Attorney's fees are not taxable costs under Fla.R.Civ.P. 1.420(d) unless made a part of costs by contract or statute. See, for example, City of Hallandale v. Chatlos, 236 So.2d 761 (Fla. 1970), and Granoff v. Cherin, 270 So.2d 430 (Fla.3d DCA 1972). A statute providing for an award of *83 costs cannot be judicially expanded to include attorney's fees. Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528 (Fla. 4th DCA 1975). The court below was therefore correct in denying attorney's fees to Garden following dismissal of the third party complaint. There is no merit in Garden's argument that attorney's fees should be allowed in this case because in certain situations an indemnitee is entitled to recover attorney's fees from an indemnitor.
As for the matter of costs exclusive of attorney's fees, the trial court was also correct in its denial of Garden's motion, for the simple reason that the motion did not include any specific items of costs to be taxed. However, we determine that the appellant Garden should be given leave to submit an amended motion in which it specifies those costs to which it claims it is entitled.
In summary, the trial court is reversed as to its "Order Containing Final Judgment," in which Bankers was ordered to pay the attorney's fees of the other defendants. The court's denial of third party defendant Garden's "Motion for Attorney's Fees and Costs" is affirmed as to the denial of attorney's fees, and reversed and remanded as to the denial of costs, with directions to permit Garden to submit an amended motion itemizing its alleged costs.
REVERSED in part, AFFIRMED in part, and REMANDED.
ALDERMAN, ANSTEAD and LETTS, JJ., concur.
NOTES
[1] The order dismissing the crossclaim of Meredith and Morse has not been appealed.