JOANOS, Judge.
Interform, Inc. (“Interform”) appeals the final judgment and denial of attorney’s fees in this contract dispute where the jury returned a verdict in favor of Interform on its claim and in favor of Orr Construction Company (“Orr”) on its counterclaim, resulting in the trial court entering a final judgment for Orr since the sum awarded Orr on its counterclaim was greater than the sum granted Interform on its claim. On appeal, Interform contends Orr failed to show any breach of implied warranties, there was no reasonable basis for the award of damages in favor of Orr, Orr failed to give notice of a breach of warranties within a reasonable time, the contract provided an exclusive remedy and attorney’s fees should have been taxed against Orr. We affirm the final judgment on all points. There is competent substantial evidence to support the trial court’s determinations of the award of damages, that Inter-form breached implied warranties and Orr gave notice of a breach of warranties within a reasonable time. The trial court’s determinations that replacement of defective parts was not Orr’s exclusive remedy under the contract and that Interform was not entitled to an award of attorney’s fees from Orr shall be discussed further.
After contracting with the City of Jacksonville to construct a police administration building, using a poured-concrete method, Orr contracted with Interform for the lease of a heavy duty concrete shoring system and for forms and form liners. The contract between Orr and Interform consisted of a purchase order agreement containing boiler-plate warranties and a provision that should the goods be defective, they were to be replaced at Orr’s request, with Orr reserving the right to cancel the balance of the contract. Evidence presented at trial showed that Orr experienced difficulties with the first use of form and form liners provided under the contract. The forms deflected during the pouring process, failed to release properly, required fiberglass repairs after normal use and could not be gang-formed, as had been rep *239 resented by Interform. The form liners improperly stuck to the concrete when the forms were removed. Interform was made aware of these difficulties. The shoring system supplied by Interform was inadequate, requiring additional shoring rental and fabrication costs for special form lifters to complete the job. Recapitulation sheets reflected additional labor costs due to special crews repairing the forms.
Section 672.719, Florida Statutes (1981) allows contractual agreements to provide for limitations of remedies, but “[rjesort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.” Section 672.719(l)(b), Florida Statutes (1981). The purchase order agreement between In-terform and Orr addressed one remedy in the event defective goods were supplied, but there was no language providing that the remedy of replacement of defective goods would be exclusive. Absent any express language limiting Orr’s remedy to requesting replacement of defective goods, Orr was free to seek alternative remedies at its option.
Section 627.756, Florida Statutes (1981), provides for an award of attorney’s fees in suits by materialmen against surety insurers under payment or performance bonds written by the insurers to indemnify the material men against pecuniary loss by breach of a building or construction contract. Upon rendition of a judgment or decree in favor of the materialmen, attorney’s fees will be assessed against the insurer, in favor of the materialmen. Sections 627.756 and 627.428(1), Florida Statutes (1981). Since there was no decree or judgment rendered by the trial court in Inter-form’s favor, the trial court did not err in denying Interform’s motion to assess attorneys fees. See Insurance Company of North America v. Electric Power & Service, Inc., 384 So.2d 915 (Fla. 3rd DCA 1980); Bankers Multiple Line Insurance Company v. Blanton, 352 So.2d 81 (Fla. 4th DCA 1977).
Accordingly, the trial court’s final judgment in Orr’s favor and its denial of Inter-form’s motion to assess attorney’s fees are AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.