478 So.2d 106 (1985)
FEDERAL INSURANCE COMPANY, Petitioner,
v.
Philip FATOLITIS, Respondent.
No. 85-1970.
District Court of Appeal of Florida, Second District.
November 8, 1985.
*107 Dorry A. Bragg, of Welbaum, Zook, Jones & Williams, Orlando, for petitioner.
Raymond A. Taveres, Tampa, for respondent.
HALL, Judge.
Petitioner Federal Insurance Company (Federal) seeks review of an order of the trial court concerning that court's continuing jurisdiction over Federal as a party to a lawsuit brought by respondent Philip Fatolitis (Fatolitis). We grant the petition for certiorari.
A review of the history of this lawsuit is essential to an understanding of the issues involved. Fatolitis was a subcontractor employed by J. Allen, Inc. (Allen) to provide carpentry services on a condominium construction project in Palm Harbor. The development in question was owned by Country Place Associates (Country Place), a Georgia limited partnership. Federal issued the performance bond posted by Allen. A contract dispute arose in February, *108 1984, resulting in a suit by Fatolitis against Country Place, Allen, and Federal.
Country Place was dropped as a party to the lawsuit in April, 1984. Thereafter, attorney Philip Hammersley, acting on behalf of both Allen and Federal, answered Fatolitis's complaint. This answer also included a counterclaim, but on behalf of Allen only. The counterclaim alleged that Fatolitis had breached the subcontract agreement, resulting in damages that included the cost of completing or correcting work improperly performed by Fatolitis.
In September, 1984, Fatolitis voluntarily dismissed his suit against Federal, for reasons not clear from the record. No order to this effect was obtained. A defense motion for continuance was filed in October, 1984. The preface to the motion stated that it was filed by both Allen and Federal, but the reason given for the continuance indicates that it was desired solely by Allen, for the motion claimed a postponement would permit Allen to correct the work allegedly mishandled by Fatolitis and thus aid a correct determination of damages under Allen's counterclaim.
Fatolitis moved to withdraw the voluntary dismissal in February, 1985. He claimed that the dismissal had been entered inadvertently and that it was a nullity because it did not comply with Florida Rule of Civil Procedure 1.420. Fatolitis argued that since a counterclaim had been pending at the time of the dismissal an order of dismissal was necessary to release Federal from the lawsuit. Fatolitis served his motion on attorney Hammersley, who had filed the joint answer and the counterclaim. On February 13, 1985, the trial court granted Fatolitis's motion and reinstated Federal as a party to the action. Allen moved for reconsideration of this order, asserting that the counterclaim had been filed on behalf of Allen only and that Allen had no objection to the dropping of Federal as a party to the action. Further, Allen argued that Florida Rule of Civil Procedure 1.250 requires service of process on Federal to accomplish the addition of Federal as a party. The trial court responded with a second order on March 7, 1985, citing the motion for continuance that had been filed shortly after the voluntary dismissal: "It is the opinion of the court that the Motion for Continuance while not acknowledging or recognizing the `Notice [of Voluntary Dismissal]' as being a nullity had that effect and therefore Federal Insurance Company continued and remains a party defendant."
On June 14, 1985, Federal, now represented by attorney Dorry Bragg, moved for dismissal of any claims against it. In conjunction with this motion, Federal submitted the affidavit of attorney Hammersley, who stated that he had considered the litigation terminated as to Federal once Fatolitis had filed the voluntary dismissal. Hemmersley further averred that the inclusion of Federal's name in the heading of the motion for continuance had been inadvertent. Fatolitis moved to strike the motion to dismiss, arguing that no appeal had been taken from the February and March orders regarding Federal's status as a party defendant. The trial court granted the motion to strike on August 7, 1985. Federal then filed a notice of appeal, citing Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) (interlocutory appeals from nonfinal orders determining personal jurisdiction).
Since the order actually appealed does not technically concern jurisdiction over the person, we considered Fatolitis's motion to dismiss Federal's appeal. However, we have determined that Federal's appeal should be treated as a petition for writ of certiorari. We so hold because, in our opinion, both Fatolitis's motion to withdraw his voluntary dismissal of Federal and the trial court's orders pertaining thereto are nullities and because the trial court's refusal to entertain Federal's June 14 motion to dismiss constitutes a departure from the essential requirements of law. We note also that certiorari has previously been employed to review a trial court's refusal to honor a voluntary dismissal. See, e.g., Gonzalez v. Turner, 427 So.2d 1123 (Fla. 3d DCA 1983); Tinsely v. McDonald, 378 So.2d 816 (Fla. 3d DCA 1980); Chrysler *109 Corp. v. Hames, 345 So.2d 813 (Fla. 4th DCA 1977).
Florida Rule of Civil Procedure 1.250(b) provides that a party may be dropped from a lawsuit "in the manner" of a dismissal action per Rule 1.420(a)(1). Subject to the exception noted infra, this is done simply by notice. Fischer v. Bartberger, 330 So.2d 507 (Fla. 4th DCA 1976). Once a voluntary dismissal has been entered, the trial court is divested of in personam jurisdiction. Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1971). If the voluntary dismissal is entered as to only one of several defendants, the court loses jurisdiction over that particular defendant. Gonzalez v. Turner. A voluntary dismissal entered in this manner operates without prejudice, and the dismissing party may refile if not otherwise barred. McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983); Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978). However, once a party has been dropped from a lawsuit, that party may be rejoined only by service of process. Hertz International, Ltd. v. Richardson, 317 So.2d 824 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 18 (Fla. 1976).
We hold that Fatolitis's dismissal of Federal, whatever the underlying motivations, was valid and served to terminate the lower court's jurisdiction over Federal. We do not disagree with the cases cited by Fatolitis to the effect that an order of dismissal is required when a counterclaim is pending. See, e.g., Siler v. Lumbermens Mutual Casualty Co., 420 So.2d 357 (Fla. 5th DCA 1982), petition for review denied, 430 So.2d 450 (Fla. 1983). However, in the instant case the counterclaim was filed by Allen only. The obvious intent of Florida Rule of Civil Procedure 1.420(a)(2) and the cases cited by Fatolitis is to prevent a plaintiff from unilaterally terminating litigation when his defendant countersues. Since Federal was not a party to the countersuit and Fatolitis did not attempt to dismiss the counterplaintiff, Rule 1.420(a)(2) is inapplicable and Fatolitis was not required to seek a formal order dismissing Federal.
Having thus concluded, we turn to Fatolitis's efforts to undo the voluntary dismissal. We express serious doubts as to the validity of a motion to withdraw a voluntary dismissal. See, e.g., Heston v. Vitale, 432 So.2d 744 (Fla. 4th DCA 1983). Furthermore, even assuming Fatolitis's chosen remedy was not facially defective, jurisdiction was not reacquired over Federal simply by mailing a copy of the motion to Federal's former counsel. Generally, service of papers on an attorney is permissible only when the case is pending and not yet concluded. See, e.g., Bussey v. The Legislative Auditing Committee of the Legislature, 298 So.2d 219 (Fla. 1st DCA), cert. denied, 304 So.2d 451 (Fla. 1974). A defendant is entitled to personal service of original process before the court may acquire personal jurisdiction. Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978). We consider the service of process referred to in Hertz International, Ltd. v. Richardson, to mean personal service. Since we agree with Federal that Fatolitis's voluntary dismissal was valid, we must also agree with attorney Hammersley that his representation of Federal in this proceeding was concluded at that time.
As for the effect of the joint motion for continuance postdating the voluntary dismissal, we find no reason to doubt Hammersley's assertion that the inclusion of Federal's name was accidental. This negligible oversight scarcely confers jurisdiction over Federal where it otherwise was not validly reacquired.
The petition for writ of certiorari is granted and this case remanded to the trial court for proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and FRANK, J., concur.