SCHEB, Acting Chief Judge.
Appellants, Wallace W. Staff and Isla Del Sol Management Corporation, challenge the trial court’s judgment in favor of appellees in a service mark infringement suit.
In its final judgment filed December 8, 1986, the trial court enjoined appellants from using the service mark in question and from making any use of the name “Isla Del Sol.” The court awarded appellees $11,207.50 for attorney’s fees under section 57.105, Florida Statutes (1985), on the ground that the appellants’ defenses raised no justiciable issue of either law or fact. In addition, the court taxed costs of $420.30 against appellants.
Appellants raise several points on appeal. The only point we find that has merit is their contention that the trial court erred in awarding appellees attorney’s fees and costs without affording appellants notice of a hearing on their assessment.
Appellants appeared pro se in the trial court. They neither waived notice of hearing for determination of the amount of fees and costs nor consented to entry of an order awarding such fees and costs. After the court ruled in favor of appellees, appel-lees’ counsel merely furnished the trial judge a letter with a proposed final judgment accompanied by affidavits as to fees and costs and an affidavit from another attorney as to what would constitute a reasonable fee. The letter indicated “cc: Wallace Staff.” Although this method is followed in many instances, we have repeatedly said that, absent stipulation or waiver, attorney’s fees cannot be assessed against an adverse party without notice and opportunity for a hearing. See, e.g., Cacace v. Superior Paving, Inc., 500 So.2d 745 (Fla. 2d DCA 1987). Also, it is improper for a trial court to assess court costs without notice and opportunity for a hearing where, as here, the request for costs is presented after the conclusion of the trial. See Waite v. Hewitt, 451 So.2d 528 (Fla. 3d DCA 1984). Additionally, since the supreme court ruling in Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), it is essential that the trial court determine the reasonableness of the assessment of attorney’s fees against a party according to the guidelines articulated therein and that it set forth its findings. We have reiterated this requirement in numerous recent opinions; however, we realize many of these were issued subsequent to the trial court’s order in this case. See, e.g., Freedom Savings and Loan Association v. Biltmore Construction Co., Inc., 510 So.2d 1141 (Fla. 2d DCA 1987), which sets forth the matters for a trial judge to consider in computing court awarded attorney’s fees.
Appellees have filed a motion in this court seeking attorney’s fees on appeal on the same ground that they were awarded fees in the trial court. We find no error in the trial court’s ruling that appellees were entitled to an award under section 57.105 for their attorney’s services in the trial court. Appellees, however, are not entitled to an award of attorney’s fees in this court because appellants have raised a meritorious issue on appeal. United Companies Financial Corp. v. Hughes, 460 So.2d 585 (1984).
Accordingly, we vacate the award of attorney’s fees and costs; otherwise, we affirm the final judgment. We remand with leave to appellees to seek assessment of attorney’s fees and costs upon proper notice and hearing. We deny appellees’ motion for attorney’s fees on appeal.
FRANK and THREADGILL, JJ., concur.