545 So.2d 417 (1989)
BAY VIEW INN, INC., Appellant,
v.
Donald FRIEDMAN, Samuel Rabin, Jr., Aaron Herzenberg, Owen Goldman, John O'Brien, Joseph Schweiger, Jules Bagdan, and Rosemary Hammerl, Appellees.
Nos. 87-2889, 87-2888.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Mark V. Silverio and Robert J. Schaffer, Miami, for appellant.
Kluger, Peretz & Kaplan and Alan J. Kluger and Leonel R. Plasencia, Miami, for appellees.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
Bay View Inn, plaintiff below, appeals from an order of the trial court awarding attorneys' fees and costs to the individual directors of the Brickell Townhouse Association. We reverse the attorney's fee award and affirm the cost award.
Bay View Inn entered into a lease agreement with the Brickell Townhouse Association in 1984 to operate a public bar and restaurant in the building. Two days before the intended opening, Bay View was added as a defendant in an ongoing lawsuit brought by Brickell Twenty-five to enjoin Brickell Association from operating a public restaurant. It was at this time that Bay View learned that its intended use of the property would be a violation of the City of Miami Comprehensive Zoning Code. When the court later ruled in favor of Brickell Twenty-five, Bay View closed the restaurant and vacated the premises.
Bay View filed suit against Brickell Townhouse and its eight directors, among others, seeking compensatory and punitive damages for fraud and misrepresentation. Brickell Townhouse filed a counterclaim alleging common law conversion and theft of fixtures and equipment asserted to belong to Brickell Townhouse.
The eight directors filed a motion to dismiss the third amended complaint for failure to state a cause of action, which was denied. They then filed a motion for judgment on the pleadings, asserting that there could be no liability as to them because they were not parties to the contract and because the allegations of fraud were non-specific. While that motion was pending, *418 Bay View took a voluntary dismissal of its claims against Brickell Townhouse and the directors.[1]
Brickell Townhouse moved for attorney's fees and costs pursuant to the lease. The trial court deferred ruling on that issue until the conclusion of the case, owing to the pendency of the Association's counterclaim.[2]
The individual directors moved for attorney's fees pursuant to section 57.105, Florida Statutes (1985). The court granted this motion on the theory that no justiciable issues had been raised by the pleadings against the individual directors. The court indicated that the amount of attorney's fees would be set at a later hearing. Before that could occur, the trial judge recused himself. The successor judge awarded $71,000 in attorney's fees and $5,050.52 in costs. That award under section 57.105 is the subject of the present appeal.
We conclude that the trial court erred in awarding attorney's fees under section 57.105. It is well established that section 57.105 attorney's fees will not be awarded unless the court finds "a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous ... and so clearly devoid of merit both on the facts and the law as to be completely untenable." Muckenfuss v. Deltona Corp. 508 So.2d 340, 341 (Fla. 1987); Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla. 1982). Accord Tiedeman v. City of Miami, 529 So.2d 1266, 1267 (Fla. 3d DCA 1988).
In the present case the third amended complaint alleged that the individual directors had each personally made fraudulent misrepresentations to Bay View in order to induce Bay View to enter the lease. The fact that individual director defendants may have been acting on behalf of the corporation does not shield them from individual liability for tortious conduct they personally commit. Thomson McKinnon Securities, Inc. v. Light, 534 So.2d 757, 760 (Fla. 3d DCA 1988); Tourismart of America, Inc. v. Gonzalez, 498 So.2d 469 (Fla. 3d DCA 1986); Derf Cattle Co. v. Colpac Int'l, Inc., 463 So.2d 430 (Fla. 3d DCA 1985).[3] The motion under section 57.105 should have been denied.[4]
While the order under review refers only to fees awarded pursuant to section 57.105, we note that at the hearing when the voluntary dismissal was taken, the initial trial judge orally announced that costs and attorney's fees would be awarded pursuant to Rule 1.420(d), Florida Rules of Civil Procedure. Appellees appear to urge here that Rule 1.420(d) supports the award. That is incorrect. Rule 1.420(d) permits costs to be assessed in favor of the dismissed party when a voluntary dismissal is taken. It does not provide an independent entitlement to attorney's fees; instead there must be a statute or contract which provides for such an award. Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984); MacBain v. Bowling, 374 So.2d 75, 76 (Fla. 3d DCA 1979); Bankers Multiple Line Ins. Co. v. Blanton, 352 So.2d 81 (Fla. 4th DCA 1977). Rule 1.420(d) is therefore of no assistance to appellees with respect to the award of attorney's fees.
We do, however, affirm the $5,050.52 award of costs which is included in the order under review. Appellant has argued that the order under review was *419 entered prematurely and was not authorized by the Rules of Civil Procedure. When appellant dismissed its action as to the individual directors and Brickell Townhouse (while leaving claims pending against another defendant), appellant stated that it was proceeding under Rule 1.420. Appellant now correctly states that its voluntary dismissal of the individual directors was in reality accomplished pursuant to Rule 1.250(b), Florida Rules of Civil Procedure, which provides for the dropping of parties. Where, as here, some, but not all, parties were dismissed, the appropriate procedure is to drop parties under Rule 1.250. Freeman v. Mintz, 523 So.2d 606, 610 (Fla. 3d DCA), dismissed, 528 So.2d 1182, 534 So.2d 400, review denied sub nom Coldwell Banker-Klock Co. v. Freeman, 534 So.2d 398 (Fla. 1988).
Since Rule 1.250 does not provide an independent basis for assessment of costs, appellant contends a dropped party may only apply for costs at the conclusion of the action, at which time the application would be made pursuant to Rule 1.420. We conclude the application for costs was timely. Rule 1.250(b) provides in part that "[p]arties may be dropped by an adverse party in the manner provided for voluntary dismissal in Rule 1.420(a)(1) subject to the exception stated in that rule." Parties to an action dismissed under Rule 1.420(a)(1) are entitled to costs under Rule 1.420(d). Since Rule 1.250 specifies that a party is dropped "in the manner provided for voluntary dismissal in Rule 1.420(a)(1)," we conclude that "the manner" includes the same entitlement to costs which would have been enjoyed had the dismissal occurred entirely under Rule 1.420(a)(1). We can perceive no sound reason to proceed otherwise. The trial court properly entertained the appellees' motion insofar as it sought costs, and the cost award is affirmed.
The award of attorney's fees under section 57.105 in the amount of $71,000 is reversed; the cost award in the amount of $5,050.52 is affirmed.
NOTES
[1] Bay View's claim against its former legal counsel remained pending, as did Brickell Townhouse's counterclaim against Bay View.
[2] The trial court, however, conditioned any future refiling of the complaint against Brickell Townhouse on Bay View's payment of costs and fees.
[3] The trial court's ruling under section 57.105, based as it was on the face of the third amended complaint, was inconsistent with its earlier denial of the motion to dismiss.
[4] A different case would have been presented if the complaint, although properly pled, was utterly without any foundation in fact. That is not the case here.

The text of the trial court's ruling, and the state of the record before the trial court, indicate that the ruling was predicated on the pleadings. After the successor judge reviewed the complete record for purposes of setting the amount of the attorney's fee, the successor judge's order noted that the file entailed "substantial issues of law and fact... ."