# BROWARD GARDENS ASSOCIATES, LTD. v THOMPSON And All Others In Possession

## Case No. 90-7255 COSO

County Court, Broward County

November 14, 1991

**APPEARANCES OF COUNSEL**

**Malcolm B. Wiseheart, Jr., Esquire,** for plaintiff.

Legal Aid Service of Broward County, Inc., for defendant.

**OPINION OF THE COURT**

HARVEY FORD, County Judge.

*ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS*

THIS CAUSE came on before me on October 31, 1991, upon the Motion for Attorneys' Fees and Costs filed by Defendant, ANDREA THOMPSON, and the Court having reviewed the file and having heard argument of counsel and being otherwise fully advised in the premises, the Court finds the uncontroverted facts to be as follows:

## FINDINGS OF FACTS

1. Plaintiff, BROWARD GARDENS ASSOCIATES, LTD., is a Florida Limited Partnership, engaged in the business of providing low-cost housing in Broward County, Florida.

2. Defendant is and at all material times was a tenant at the apartment complex commonly known as the "Broward Gardens Apartments" which is owned by the Plaintiff.

3. According to the Plaintiff, Defendant violated the terms of the parties' Model Lease for Subsidized Programs by permitting persons not listed on the tenant's Certificate of Eligibility to reside in her apartment unit and by failing or refusing to sign the required Annual Re-Certification which is used to verify the Defendant's continued eligibility to receive federally subsidized housing.

4. After purporting to serve written notice and demand for correction upon the Defendant, the Plaintiff filed the present action for removal of tenant.

5. The Defendant initially filed an Answer *pro se* stating that the other persons alleged to be residing in her apartment were "relatives" and otherwise denying the allegations of the Plaintiff's Complaint. Therefore, Legal Aid Service of Broward County purported to file an Amended Answer on behalf of the Defendant, virtually denying all of the material allegations of Plaintiff's Complaint and raising numerous Affirmative Defenses.

6. According to the Plaintiff, the Defendant eventually signed the annual re-certification documents and agreed to observe the other requirements of the Lease. Thereafter, the Plaintiff took a Voluntary Dismissal of the eviction proceedings.

7. Approximately two and one-half months after Plaintiff filed its Notice of Voluntary Dismissal, Legal Aid Service of Broward County, Inc., filed a Motion for Attorney's Fees and Costs, alleging that the Defendant is entitled to attorney's fees and costs under Rule 1.420 of the Florida Rules of Civil Procedure and Section § 83.48 of the Florida Statutes.

## CONCLUSIONS OF LAW

Rule 1.420(d) of the Florida Rules of Civil Procedure clearly provides that "costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action." In the instant case, however, the Defendant presented no affidavit as to any costs (as opposed to attorney's fees). While the Defendant's Motion is entitled,

"Motion for Attorney's Fees and Costs," her Motion fails to allege that any taxable costs have been incurred by or on behalf of the Defendant and fails to itemize or quantify such costs. A Motion to tax costs must reasonable [sic] apprise opposing counsel and the Court of the specific items of costs and amounts for which recovering is sought. See, *Waite v Hewitt,* (3 DCA 1984) 451 So.2d 528 and *Staff v Trafalgar Developers of Florida, Inc.,* (2 DCA 1988) 518 So.2d 981. A Motion to Tax Costs which does not itemize or quantify the costs sought to be recovered fails to provide the opposing party with reasonable notice or an effective opportunity to defend against the assessment of such charges. Defendant's Motion and accompanying affidavit related solely to number of hours expended by her attorney and the reasonable value of same. Hence, there can be no recovery of costs for lack of any appropriate documentation.

In support of her claim for attorney's fees, Defendant relies upon Rule 1.420 of the Florida Rules of Civil Procedure and Florida Statutes § 83.48. Rule 1.420, however, does not provide an independent basis for recovery of attorney's fees. As the Third District Court of Appeal stated in *Bay View Inn, Inc. v Friedman,* (3 DCA 1989) 545 So.2d 417:

> Rule 1.420(d) permits costs to be assessed in favor of the dismissed party when a voluntary dismissal is taken. It does not provide an independent entitlement to attorney's fees, instead there must be a statute or contract which provides for such an award. 545 So.2d 417 at 418. See also, *Wiggins v Wiggins,* (Fla. Sp.Ct. 1984) 446 So.2d 1078; and *Bankers Multiple Line Ins. Co. v Blanton,* (4 DCA 1977) 352 So.2d 81.

In the present case, there is no contract between the parties which provides for recovery of attorney's fees; therefore, the Defendant's claim for attorney's fees rests solely upon the applicability or non-applicability of the statute upon which she relies, namely, Florida Statute § 83.48. That statute provides as follows:

> 83.48 Attorney's Fees. In any civil action brought to enforce the provisions of the rental agreement or this part, *the party in whose favor a judgment or decree has been rendered* may recover reasonable court costs, including attorney's fees, from the non-prevailing party. (Emphasis supplied).

It is noted initially that the statute does not generally provide, as some statutes do, that attorney's fees shall or may be awarded to "the prevailing party." The statutory language of Florida Statutes § 83.48 is more limited and restrictive; it empowers the Court to award attorney's

fees at its discretion ("may") but only with respect to a *"party in whose favor a judgment or decree has been rendered."* Florida Statutes § 83.48.

No judgment or decree has been rendered in favor of the Defendant in this case. A voluntary dismissal is not a judgment or decree. As the editors of Florida Jurisprudence, Second Edition, state:

> Generally speaking, a final judgment or decree is one that determines the rights of the parties and disposes of the cause on its merits, leaving nothing more to be done in the cause. *Florida Jurisprudence, Second Edition;* § 239, Judgments and Decrees. The initial taking of a Voluntary Dismissal is not an adjudication. See, Rule 1.420(a), Florida Rules of Civil Procedure, which specifically states that the taking of a Voluntary Dismissal is *without* prejudice unless otherwise stated in the notice. A Notice of Voluntary Dismissal only operates as an adjudication on the merits when served by a plaintiff who has previously once dismissed an action based upon the same claim. Rule 1.420(a).

Statutes providing for awards of attorneys' fees are in derogation of the common law and must be strictly construed. *Roberts v Carter,* (Fla. Sp. Ct. 1977) 350 So.2d 78 and *Sunbeam Enterprises, Inc. v Upthegrove,* (Fla Sp. Ct. 1975) 316 So.2d 34. Therefore, the Court concludes that Florida Statute § 83.48 does not authorize recovery of attorney's fees after the taking of a voluntary dismissal.

Defendant has cited to the Court two unreported cases from the County Court in Dade County *(Metropolitan Dade County v Steven Herndon,* Case No. 90-17631 CC04, and *South Florida I, Ltd. v Gladys Arnau,* Case No. 88-21081 CC05) where apparently attorney's fees were awarded in residential landlord and tenant cases after the filing of voluntary dismissals. Both of these cases cite to and apparently rely upon *McKelvey v Kismet, Inc.,* (3 DCA 1983) 430 So.2d 919. *McKelvey,* however, involved an award of attorney's fees pursuant to Florida Statute § 57.105 which, of course, requires a specific finding by the Court that there is a "complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party." Florida Statutes § 57.105. Both of the County Court cases cited refer briefly to Florida Statutes § 83.48, noting that the statute includes attorney's fees as part of recoverable costs. Neither decision, however, addresses the restrictive language specified in Florida Statutes § 83.48 which limits the recovery of costs and attorney's fees to parties "in whose favor a judgment or decree has been rendered." Thus, these decisions tacitly assume but do not actually decide that attorney's fees

134

are properly awardable after voluntary dismissal pursuant to Florida Statute § 83.48.

Summarizing, the Court concludes as follows:

1. Rule 1.420(d), Florida Rules of Civil Procedure, authorizes and requires the Court to award costs in favor of the dismissed party.

2. Rule 1.420(d), Florida Rules of Civil Procedure, does not constitute an independent basis for recovery of attorney's fees; instead, there must be a contract of statute providing for attorney's fees before recovery of such fees may be allowed.

3. No recovery of costs may be obtained where costs are not itemized or quantified.

4. The initial taking of a voluntary dismissal does not operate as an adjudication on the merits and is without prejudice unless the Notice of Voluntary Dismissal otherwise provides.

5. The initial filing of a Notice of Voluntary Dismissal is not "a judgment or decree" within the meaning of Florida Statutes § 83.48.

6. Florida Statutes § 83.48, which limits recovery of attorneys' fees to parties "in whose favor a judgment or decree has been rendered," does not authorize the Court to award attorneys' fees to the dismissed party after the filing of a first voluntary dismissal. And based upon the foregoing Finding of Fact and Conclusions of Law, it is

ORDERED AND ADJUDGED that the Motion for Attorneys' Fees and Costs filed by Defendant, ANDREA THOMPSON, be and it is hereby, denied.

DONE AND ORDERED at Hollywood, Broward County, Florida, this 14th day of November, 1991.

EDITOR'S NOTE: On January 10, 1992, Judge Ford certified the following question from this case to the Court of Appeal for the Fourth District of Florida:

Whether attorneys fees are properly awardable to a tenant pursuant to Florida Statutes 83.48 after a landlord files a first Notice of Voluntary Dismissal in an action for removal of tenant.