SHAHOOD, J.
This is an appeal and cross-appeal of a final order granting attorney’s fees and costs to the successful, third-party bidder in a foreclosure sale that was subsequently invalidated.
A final judgment of foreclosure was entered in the Palm Beach County Circuit Court against the debtor, Veronica Kay Covington (Covington), and a foreclosure sale was scheduled the following month. One day prior to the scheduled sale, Cov-ington filed a Voluntary Petition in Bankruptcy in the Bankruptcy Court. She also sent, via facsimile, a Suggestion of Bankruptcy to Citibank Federal Savings Bank’s (Citibank) counsel. No notice of the bankruptcy was filed in the circuit court prior to the foreclosure sale. Thus, the property was sold to the highest bidder, as scheduled.
Approximately two and a half hours after the foreclosure sale, Covington filed the Suggestion of Bankruptcy in the circuit court. As a result, Citibank filed a motion to set aside the foreclosure, alleging that it was unaware of the bankruptcy and the sale was invalidated.
Thereafter, the third party bidder filed a motion to recover costs, plus interest, incurred in the foreclosure sale. The trial court granted the motion and awarded the successful bidder court fees in the amount of $1,546 and attorney’s fees in the amount of $3,212.74.
On appeal, the parties debate who had the obligation to notify the trial court of *1084 the pending bankruptcy. Covington contends that Citibank had notice of the sale and, therefore, should have stopped it. Citibank, on the other hand, asserts that its counsel did not receive the facsimile until after the sale took place and, in any event, pursuant to a local administrative order, it is the debtor’s duty to notify the clerk of the circuit court upon the filing of a bankruptcy.
We do not resolve those issues here, but hold only that, because there is no statute or contract which authorizes the trial court to impose fees in this situation, it was error to do so. See generally Bankers Multiple Line Ins. Co. v. Blanton, 352 So.2d 81 (Fla. 4th DCA 1977). We cannot accept Covington’s argument that the fee award was appropriate to do equity and prevent unjust enrichment. Although this court has recognized that courts have “an inherent power to assess attorney’s fees for litigating in bad faith,” we find that the situation in this case was not the result of bad faith.
Based on our decision that attorney’s fees are not awardable in this case, we find no merit in appellees’ cross-appeal and affirm.
REVERSED; AFFIRMED AS TO CROSS APPEAL.
TAYLOR, J., and NELSON, DEBRA STEINBERG, Associate Judge, concur.