CASANUEVA, Judge.
In this business dispute between National Bank of Commerce and Jupiter Mortgage Corporation, National Bank appeals from a summary judgment in favor of Jupiter. Because National Bank had dropped Jupiter as a party before the summary judgment hearing, the court had no jurisdiction to enter summary judgment against National Bank. Accordingly, we reverse the order granting summary judgment. In addition, Jupiter has attempted to cross-appeal from an order awarding it entitlement to attorney’s fees, contending that the court should have awarded fees payable by National Bank’s counsel pursuant to section 57.105, Florida Statutes (2003). National Bank dismissed its direct appeal as to that order. Because the order granting attorney’s fees is a nonfinal, nonappealable order over which this court has no jurisdiction, we dismiss the cross-appeal.
Upon purchasing a number of residential mortgage loans, National Bank entered into correspondent agreements with Jupiter. The correspondent agreements required Jupiter to repurchase the loans *555 under certain circumstances, such as default by the mortgagor in failing to pay the first mortgage payment owed under the loan purchased by National Bank. National Bank also entered into correspondent agreements with Dupont Mortgage Group, Inc. At some point, Jupiter registered the fictitious name “Dupont Mortgage Group” with the Florida Secretary of State and began doing business from the same address that Dupont had listed on its correspondent lending application submitted to National Bank. National Bank subsequently requested that Dupont repurchase certain loans under the correspondent agreement; National Bank further requested that Jupiter repurchase loans originated after Jupiter had registered that it was doing business under the fictitious name Dupont Mortgage Group. When Dupont and Jupiter refused National Bank’s repurchase requests, National Bank filed a complaint against both Dupont and Jupiter.
After National Bank filed this lawsuit, Jupiter attempted to persuade National Bank that it was not a proper party to this action. When its attempts went fruitless, Jupiter filed numerous requests for discovery to which National Bank never responded. Ultimately, Jupiter filed its motion for summary judgment, which led to the order now being appealed.
The court scheduled a hearing on Jupiter’s motion for summary judgment on March 7, 2003. Prior to that hearing, on February 25, 2003, National Bank filed and served a notice of dropping party upon Jupiter, which stated: “Please take notice that the plaintiff, National Bank of Commerce, hereby drops the defendant, Jupiter Mortgage Corporation, as a party in the above-styled action pursuant to Rule 1.250(b)....”
At the hearing on the motion, for summary judgment, National Bank argued that the court no longer had jurisdiction to enter summary judgment in favor of Jupiter, because it had dropped Jupiter as a party. Jupiter contended, however, that National Bank’s notice of dropping party was defective because it was filed pursuant to Florida Rule of Civil Procedure 1.250(b) and did not include a voluntary dismissal of Jupiter under rule 1.420. Furthermore, Jupiter contended, once the hearing had commenced, it was too late for National Bank to voluntarily dismiss Jupiter under rule 1.420. The circuit court, agreeing with Jupiter, announced that it would enter an order on summary judgment in favor of Jupiter. A successor judge later entered the written order on summary judgment, as well as an order determining that Jupiter was entitled to attorney’s fees.
The circuit court erred when it entered judgment in favor of a party that had been dropped from the lawsuit. Rule 1.250(b) provides that “[pjarties may be dropped by an adverse party in the manner provided for voluntary dismissal in rule 1.420(a)(1).” The dismissal rule provides that a party may dismiss an action without a court order “before trial by serving ... a notice of dismissal at any time before a hearing on motion for summary judgment.” Fla. R. Civ. P. 1.420(a)(1).
In cases such as this, where a plaintiff intends to dismiss only one of several parties, rule 1.250(b) is the appropriate vehicle for dropping a party. See Biggers v. Town of Davie, 674 So.2d 938, 939 (Fla. 4th DCA 1996). If, however, there is only one defendant or if the plaintiff intends to dismiss the action as to all defendants, rule 1.420(a)(1) is the operative rule. Bay View Inn, Inc. v. Friedman, 545 So.2d 417, 418 (Fla. 3d DCA 1989). Thus, “[a]n essential distinction between a notice of dropping a party and a voluntary dismissal is that the former concludes the action as to the dropped party while the *556 latter is generally utilized to conclude the action in its entirety.” Carter v. Lake County, 840 So.2d 1153, 1155 (Fla. 5th DCA 2003).
Before trial, a notice of dropping party must be in writing and served on the opposing parties. Fla. R. Civ. P. 1.250(b) (incorporating by reference rule 1.420(a)(1)(A)). The notice will be timely if filed before the hearing on a motion for summary judgment. Id. Once the notice is properly filed, “the court has no discretion to deny the dropping of a defendant by a plaintiff.” Chrysler Corp. v. Hames, 345 So.2d 813, 814 (Fla. 4th DCA 1977). The effect of the notice was described by this court in Federal Insurance Co. v. Fatolitis, 478 So.2d 106 (Fla. 2d DCA 1985), as follows:
Florida Rule of Civil Procedure 1.250(b) provides that a party may be dropped from a lawsuit “in the manner” of a dismissal action per Rule 1.420(a)(1).... [T]his is done simply by notice. Once a voluntary dismissal has been entered, the trial court is divested of in personam jurisdiction. If the voluntary dismissal is entered as to only one of several defendants, the court loses jurisdiction over that particular defendant. A voluntary dismissal entered in this manner operates without prejudice, and the dismissing party may refile if not otherwise barred. However, once a party has been dropped from a lawsuit, that party may be rejoined only by service of process.
Id. at 109 (citations omitted). Furthermore, the rule operates to divest the court of jurisdiction over the dropped party without any regard to “the underlying motivations,” id., of the party filing the notice.
Accordingly, we reverse the summary judgment entered in favor of Jupiter. Because the order Jupiter attempts to cross-appeal is both nonfinal and nonappealable, see JB Invs., Inc. v. John B. Kane & Co., 805 So.2d 900, 900 (Fla. 2d DCA 2001) (citing McIlveen v. McIlveen, 644 So.2d 612, 612 (Fla. 2d DCA 1994)), we dismiss the cross-appeal.
Appeal reversed and remanded for further proceedings; cross-appeal dismissed.
ALTENBERND, C.J., and THREADGILL, EDWARD F., Senior Judge, Concur.