COHEN, J.
 

 It is unnecessary to set out the underlying facts of this case in detail to understand and dispose of the issue presented. Appellees, plaintiffs below, filed an action seeking an accounting from Appellant, Michael Siboni, successor trustee of a land trust, as well as two other defendants.
 
 [1]
 
 Appellant moved to abate the lawsuit pending indemnification from Appellees, which, under the terms of the trust, he viewed as a condition precedent to suit. Shortly thereafter, Appellees served what they labeled as a notice of voluntary dismissal, dismissing the action with prejudice as to Appellant. Over thirty days later, Appellant filed pleadings, some of which asserted an entitlement to attorney’s fees. The request for attorney’s fees was denied as being untimely. This appeal followed.
 

 We agree with the trial court that Ap-pellees intended to drop one of several parties, instead of dismissing the action as to all parties. Thus, what Appellees labeled a notice of voluntary dismissal as to Appellant, should have been a notice of dropping party filed under Florida Rule of Civil Procedure 1.250(b).
 
 [2]
 

 Nat’l Bank of Commerce v. Jupiter Mortgage Corp.,
 
 890 So.2d 553 (Fla. 2d DCA 2005). If there was only one defendant, or if Appellees intended to dismiss the action in its entirety, rule 1.420(a)(1) would have been the correct vehicle.
 
 Bay View Inn v. Friedman,
 
 545 So.2d 417 (Fla. 3d DCA 1989). When Appellees filed their notice of voluntary dismissal against Appellant, the action remained pending against one of the original three defendants. Recognizing this, the trial judge correctly treated the notice of voluntary dismissal as if it had been filed under rule 1.250(b).
 

 The issue to be decided by this court is whether Florida Rule of Civil Procedure 1.525 applies to a notice of dropping parties under rule 1.250(b).
 
 [3]
 
 We find that it does and affirm. We read the applicable rules in
 
 pari materia
 
 to reach this result, mindful of the purposes sought to be accomplished. Rule 1.525 provides: “Any party seeking a judgment taxing costs, attorney’s fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.”
 

 Appellant is correct when he notes rule 1.525 does not explicitly mention dropping
 
 *781
 
 a party as a triggering event. He suggests that the proper doctrine to use in construing rule 1.525 is
 
 expressio unius est exclusio alterius,
 
 the expression of one thing is the exclusion of another. Black’s Law Dictionary 1635 (7th ed. 1999). However, rule 1.250(b) expressly incorporates the procedural aspects of Florida Rule of Civil Procedure 1.420(a)(1) governing voluntary dismissal by providing that parties may be dropped “in the manner provided for voluntary dismissal in rule 1.420(a)(1) subject to the exception stated in that rule.”
 
 [4]
 

 In
 
 Bay View Inn,
 
 545 So.2d at 419, the Third District, relying on this language, held that a party dropped pursuant to rule 1.250(b) can utilize rule 1.420(d) to recover costs. The court explained that although rule 1.250(b) does not itself provide a basis for assessment of costs, it specifies that a party is dropped “in the manner provided for dismissal in Rule 1.420(a)(1).”
 
 Id.
 
 The Third District continued:
 

 Appellant contends a dropped party may only apply for costs at the conclusion of the action, at which time the application would be made pursuant to rule 1.420. We conclude the application for costs was timely. Rule 1.250(b) provides in part that “[pjarties may be dropped by an adverse party in the manner provided for voluntary dismissal in rule 1.420(a)(1) subject to the exception stated in that rule.” Parties to an action dismissed under rule 1.420(a)(1) are entitled to costs under rule 1.420(d). Because rule 1.250 specifies that a party is dropped “in the manner provided for voluntary dismissal in Rule 1.420(a)(1),” we conclude that “the manner” includes the same entitlement to costs which would have been enjoyed had the dismissal occurred entirely under rule 1.420(a)(1). We can perceive no sound reason to proceed otherwise.
 

 545 So.2d at 419.
 

 We see no analytical difference in construing the rule’s application to requests for attorney’s fees. To find otherwise could result in a party litigating for years with a remaining party with the specter of an unknown award of attorney’s fees and costs unresolved. This is neither an efficient nor reasonable method of conducting litigation and contrary to the stated intention of rule 1.525. Accordingly, we hold that a party dropped from litigation under rule 1.250(b) is subject to the time limitation contained in rule 1.525 governing service of a motion seeking a judgment for costs and attorney’s fees. Because appellant did not comply with rule 1.525, we affirm the denial of his request for attorney’s fees.
 

 AFFIRMED.
 

 EVANDER, J., and FLEMING, J., Associate Judge, concur.
 

 [1]
 

 . One of the two was "dismissed” from the case prior to development of the facts giving rise to this appeal.
 

 [2]
 

 . The plaintiffs’ labeling of the pleading was not dispositive.
 
 See Frengut v. Vanderpol,
 
 927 So.2d 148 (Fla. 4th DCA 2006).
 

 [3]
 

 .This issue was anticipated, but not answered in
 
 Carter v. Lake County,
 
 840 So.2d 1153 (Fla. 5th DCA 2003).
 

 [4]
 

 . The exceptions, where property has been seized or is in the custody of the court, are inapplicable in the instant case.