CRENSHAW, Judge.
The Estate of Genevieve A. Williams filed suit against Kevin F. Jursinski, P.A., as well as Jursinski’s former associate James Harwood and his firm, James Har-wood, P.A., based on allegations of legal malpractice. Upon receiving the complaint, Jursinski filed a motion to compel arbitration based on an arbitration provision in the underlying retainer agreement. Before the hearing on the motion, the Estate served a notice of voluntary dismissal as to Jursinski alone, leaving the complaint pending as to Harwood., At the hearing the lower court granted the motion to compel and ordered all of the parties, including Jursinski, to proceed with arbitration, reasoning that because its jurisdiction had been invoked by Jursinski’s motion to compel under section 682.03, Florida Statutes (2014), the voluntary dismissal did not divest the court of this jurisdiction. We disagree. Because the notice of voluntary dismissal terminated the trial court’s jurisdiction over Jursinski, we reverse the order compelling arbitration.
Florida Rule of Civil Procedure 1.420(a)(1) gives plaintiffs the right to voluntarily dismiss an action “at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before *501 submission of a nonjury case to the court.” When considering a plaintiffs power to voluntarily dismiss an action, this court has recognized that “[u]ntil the line drawn by this rule is crossed, the plaintiffs right to a voluntary dismissal is ‘absolute.’ ” Patterson v. Allstate Ins. Co., 884 So.2d 178, 180 (Fla. 2d DCA 2004) (quoting Fears v. Lunsford, 314 So.2d 578, 579 (Fla.1975)). In Pino v. Bank of New York, 121 So.3d 23, 32 (Fla.2013), the supreme court explained that “[t]he voluntary dismissal serves to terminate the litigation, to instantaneously divest the court of its jurisdiction to enter or entertain further orders that would otherwise dispose of the case on the merits, and to preclude revival of the original action.” In fact, the Pino court went to great lengths to narrow any exceptions to this “absolute” power. Id. at 33-41.
Jursinski argues that because the Estate’s case involving the retainer agreement was already pending, filing the motion to compel arbitration was the only way to prevent any waiver of Jursinski’s right to arbitration under the agreement, and that once the motion was filed, the Estate could no longer exercise its right to file a voluntary dismissal in light of the mandatory provisions of section 682.03. Under section 682.015, a party to a pending civil action involving an agreement to arbitrate, as is the case here, must file a motion to compel arbitration in the underlying civil case in order to invoke the provisions of chapter 682. Section 682.03(6), in turn, provides that “[i]f a party makes a motion to the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision under this section.” According to Jursin-ski, allowing the Estate to terminate the circuit court’s jurisdiction circumvents the intent of chapter 682 because Jursinski could have sought arbitration of any issue relating to the retainer agreement by filing an initial petition for arbitration under section 682.015. Had Jursinski filed the initial petition, the Estate would have been powerless to dismiss the case under rule 1.420(a)(1).
Despite this seemingly tactical advantage on the part of the Estate based on the procedural posture of the case,
the plain language of Florida’s rule 1.420(a)(1) does not take into account a plaintiffs motive in seeking the dismissal, nor does it expressly preclude a plaintiff from taking .a dismissal where the objective is tactical. In fact, the rule presupposes that the plaintiff will have a tactical reason for voluntarily dismissing its lawsuit at a particular point in time.
Pino, 121 So.3d at 32 (citing DeLuca v. Harriman, 402 So.2d 1205, 1206 (Fla. 2d DCA 1981)). Indeed, Jursinski remains free to seek binding arbitration of any issue relating to the retainer agreement by filing an initial petition for arbitration under section 682.015. In light of the discussion in Pino, it is clear that the Estate’s notice had the effect of immediately divesting the circuit court of jurisdiction over Jursinski in the civil case, despite the pending motion to compel arbitration.
Accordingly, we reverse the order compelling arbitration and remand the case for further proceedings without Jursinski as a party. See Nat’l Bank of Commerce v. Jupiter Mortg. Corp., 890 So.2d 553, 556 (Fla. 2d DCA 2005) (“Once a voluntary dismissal has been entered, the trial court is divested of in personam jurisdiction. If the voluntary dismissal is entered as to only one of several defendants, the court loses jurisdiction qver that particular defendant.” (quoting Fed. Ins. Co. v. Fatoli *502 tis, 478 So.2d 106, 109 (Fla. 2d DCA 1985) (internal quotation marks omitted))).
Reversed and remanded with directions.
VILLANTI, C.J., and KELLY, J., concur.