# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1076
Lower Tribunal No. 11-34851
_____

**Jose R. Fonseca,**
Appellant,

vs.

**Regions Bank,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Graham Legal, P.A., and H. Dillon Graham, III, for appellant.

Marcadis Singer P.A., and Robert J. Lindeman (Tampa), for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

The issue presented in this appeal is whether the voluntary dismissal of one defendant from suit divests the trial court of jurisdiction to adjudicate the claims against a remaining defendant. Consistent with the plain language of the applicable Florida Rules of Civil Procedure and a well-settled body of legal authority, we find it does not and therefore affirm the final judgment under review.

## BACKGROUND

The relevant facts are undisputed. Appellee, Regions Bank, filed suit seeking to recover damages from appellant, Jose Fonseca, and his former wife, Carolina Fonseca, as alleged obligors under an unpaid line of credit. Mr. Fonseca failed to respond to the complaint, but Mrs. Fonseca filed an answer and affirmative defenses.

After obtaining a clerical default against Mr. Fonseca, the Bank negotiated a settlement with Mrs. Fonseca and filed a Stipulation for Joint Voluntary Dismissal. The document bore the signatures of representatives for both parties and provided, in its entirety: "The Plaintiff, Regions Bank, and the Defendant, Carolina Z. Fonseca, by and through their undersigned attorneys, hereby stipulate to a Voluntary Dismissal with prejudice of the above-referenced action with each party to bear their own costs and

attorney's fees."  Mr. Fonseca did not sign the dismissal, and his name did not appear in the body of the document.

The Bank obtained a default final judgment against Mr. Fonseca and served writs of garnishment on several of his bank accounts.  Mr. Fonseca moved to dissolve the writs and quash service of process.  In his motion, he contended the residence where service was effectuated was not his usual place of abode.

The trial court granted both motions, and Mr. Fonseca's attorney accepted service on his behalf.[1]  Mr. Fonseca then filed an answer and affirmative defenses, and the Bank moved for final summary judgment.  Mr. Fonseca opposed the motion on the basis that the Joint Stipulation for Voluntary Dismissal divested the trial court of jurisdiction to adjudicate any

---

[1] The quashal of service is irrelevant to our analysis.  See Linn v. Kidd, 714 So. 2d 1185, 1188 (Fla. 1st DCA 1998) ("To dismiss an action . . . when service of process is timely but invalid, creates an unfair burden and risk upon a party.  A contrary holding would preclude parties seeking to invoke the jurisdiction of the court from relying upon the facial validity of returns made by those involved in perfecting service, including process servers, the Secretary of State, or the United States Post Office. . . .  [W]hen service of process is attempted and is timely under [Florida Rule of Civil Procedure 1.070(j)] but invalid for whatever reason, the appropriate disposition is to quash the attempted service of process with leave to thereafter perfect service in any manner provided by law."); see also John Green Corp. v. Coello, 635 So. 2d 127, 128 (Fla. 3d DCA 1994) (reversing and remanding with instructions to quash service of process but grant plaintiffs leave to perfect service in any manner provided by law); Par. Mortg. Corp. v. Davis, 251 So. 2d 342, 344 (Fla. 3d DCA 1971) (same).

further issues.  The trial court granted the motion, and the instant appeal ensued.

## STANDARD OF REVIEW

Because the issue on appeal implicates rule-based interpretation and jurisdictional principles, we conduct a de novo review.  Pino v. Bank of N.Y., 121 So. 3d 23, 30–31 (Fla. 2013).

## ANALYSIS

Our analysis is guided by two intersecting provisions of the Florida Rules of Civil Procedure.  The first provision, rule 1.250(b), authorizes the dropping of parties "by an adverse party in the manner provided for voluntary dismissal in rule 1.420(a)(1)."  Fla. R. Civ. P. 1.250(b).  The second, rule 1.420(a)(1), allows a party to dismiss an "action" without a court order "by filing a stipulation of dismissal signed by all current parties to the action."  Fla. R. Civ. P. 1.420(a)(1).

In interpreting these rules, Florida courts have determined that "where a plaintiff intends to dismiss only one of several parties, rule 1.250(b) is the appropriate vehicle for dropping a party."  Nat'l Bank of Com. v. Jupiter Mortg. Corp., 890 So. 2d 553, 555 (Fla. 2d DCA 2005).  Conversely, if "there is only one defendant or if the plaintiff intends to dismiss the action as to all

4

defendants, rule 1.420(a)(1) is the operative rule." Id.; see also Bay View Inn, Inc. v. Friedman, 545 So. 2d 417, 419 (Fla. 3d DCA 1989).

The distinction between the two scenarios is evident. The former concludes the action as to only the dismissed party, while the latter ordinarily concludes the action in its entirety. See Carter v. Lake County, 840 So. 2d 1153, 1155 (Fla. 5th DCA 2003); Semerena v. Aetna Health, Inc., 248 So. 3d 230, 231 (Fla. 3d DCA 2018). Our sister court lucidly articulated this distinction in Federal Insurance Co. v. Fatolitis, 478 So. 2d 106 (Fla. 2d DCA 1985):

> Florida Rule of Civil Procedure 1.250(b) provides that a party may be dropped from a lawsuit "in the manner" of a dismissal action per Rule 1.420(a)(1). . . . [T]his is done simply by notice. Once a voluntary dismissal has been entered, the trial court is divested of in personam jurisdiction. If the voluntary dismissal is entered as to only one of several defendants, the court loses jurisdiction over that particular defendant. A voluntary dismissal entered in this manner operates without prejudice, and the dismissing party may refile if not otherwise barred. However, once a party has been dropped from a lawsuit, that party may be rejoined only by service of process.

Id. at 109 (citations omitted).

Against these principles, we examine the instant case. Here, by the time the Bank and Mrs. Fonseca executed and filed the Joint Stipulation for Voluntary Dismissal, Mr. Fonseca was already in default. In accordance with the requirements of rule 1.420(a)(1), both the Bank and Mrs. Fonseca signed

5

the dismissal. Mr. Fonseca was neither identified in nor a party to the agreement.

Nonetheless, Mr. Fonseca cogently argues that the word "action," considered in tandem with the fact that the names of all parties appear in the caption, supports the implication the Bank intended to dismiss the case in its entirety. This word choice, however, merely mirrors the applicable rule-based language. Rule 1.420(a) refers to "action" rather than "party," and it remains "settled that the reference in [r]ule 1.250 to dropping of parties pursuant to the provisions of [r]ule 1.420(a) is sufficient to authorize a plaintiff to take a voluntary dismissal against less than all of the defendants." Hinton v. Iowa Nat. Mut. Ins. Co., 317 So. 2d 832, 834 (Fla. 2d DCA 1975). Moreover, the caption merely reflects the names of all parties in the civil action. Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 8:3 (2022–2023 ed.). The character of any given submission "is to be determined by its contents." Moorhead v. Moorhead, 31 So. 2d 867, 868 (Fla. 1947).

Accordingly, we conclude the Joint Stipulation for Voluntary Dismissal did not impede the trial court from exercising jurisdiction over Mr. Fonseca, and we affirm in all respects. See Fatolitis, 478 So. 2d at 109; see also Holman v. Ford Motor Co., 239 So. 2d 40, 43 (Fla. 1st DCA 1970)

6

(concluding voluntary dismissal as to one of two defendants "is permissible in this jurisdiction").

      Affirmed.